PROVOSTY, J.
Plaintiff rented a tract of land from one Bradford, and toot possession, intending to cultivate in cotton and corn. *401 The .defendant Thibodeaux, claiming to be in, possession under a contract from the same Bradford, enjoined plaintiff from disturbing him. The injunction was in due course dissolved; but it had deprived plaintiff of the opportunity to make his intended crops of cotton and corn, and plaintiff sues now to recover by way of damages the profits he would have realized if he had not been prevented by the injunction from making the crops.
Both the district court and the Court of Appeal held that his petition showed no cause of action, for the reason that the profits in question were altogether too uncertain to serve as a basis for judgment.
[1,2] Plaintiff is suing distinctively and exclusively for the profits of which he has been deprived by having been prevented from making the crops which he intended to make. Such profits, depending upon whether a crop would be made and whether, if made, it would be made at a profit, are clearly too uncertain to serve as a basis for judgment. The measure of damages where a growing crop is destroyed through the tort of another person is the value of the crop at the time it is destroyed; not the value it might have had if suffered to mature and be gathered. 17 C.- J. 8S7. Plaintiff, not having any crop, lost none, and therefore suffered no damages from the loss of crops. His contract may have been worth something; and by depriving him of the benefit of it defendant may have caused him a damage the amount of which might perhaps, under the circumstances of the case, be reasonably approximated. But he is not suing for this, but, as just stated, is suing distinctively for the profits which might have been realized if not prevented from making crops.
Judgment affirmed.
O'NIEIX, J., dissents.