No. ——.

First Circuit

---

DOUCET v. WILFERT

---

(January 28, 1926, Opinion and Decree)
(March 1, 1926, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Obligations — Par. 157, 158.**

It is not necessary to put one formally in default who refuses to perform or who acknowledges his inability to perform.

2. **Louisiana Digest—Obligations — Par. 177; Pleading—Par. 43.**

One who when sued for damages for breach of contract to furnish water admits his failure to furnish it, but pleads extenuating circumstances, thereby makes a confession that he has breached the contract.

3. **Louisiana Digest—Obligations — Par. 182; Damages—Par. 91, 92.**

The profits which one would have made on a crop of rice can be sufficiently determined to serve as a basis of judgment for damages against one who breached his contract by failing to furnish water to grow the crop.

4. **Louisiana Digest—Appeal—Par. 759.**

Where the judgment fails to allow a credit which should have been allowed to the defendant it will be amended.

Appeal from the Parish of Acadia, Hon. W. W. Bailey, Judge.

Action by C. Noah Doucet against Andrew Wilfert. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Gremillion and Smith, of Crowley, attorneys for plaintiff, appellee.

P. S. Pugh, Medlenka and Bruner, of Crowley, attorneys for defendant, appellant.

LECHE, J. Plaintiff entered into a contract with defendant whereby defendant obligated himself to furnish plaintiff a sufficient quantity of water to irrigate forty acres of rice, in consideration of one-quarter of the crop he might thereby raise and grow. Plaintiff alleges in his petition,

that he properly prepared the land and planted it with good first-class seed rice and obtained a good stand. That owing to defendant's failure to furnish him with water,· he only planted thirty acres on which he was barely able to raise and harvest twenty-three sacks of rice. That defendant failed and refused to furnish him water as he had agreed to do, under the pretext that it was too expensive and that plaintiff's crop did not justify him in irrigating the same. Plaintiff then charges that through the failure and refusal of defendant to comply with the agreement, he had lost seven hundred and fifty dollars, for which amount he prays for· judgment.

Defendant excepted to plaintiff's petition on the ground that the same did not allege that he had been put in default. The trial judge overruled that exception and we believe that his ruling was correct. Plaintiff does allege that defendant refused to furnish him water on the ground that to do so was too expensive and that plaintiff's crop did not justify him in watering the same. This clearly evidences a demand on the part of plaintiff, upon defendant to comply with the agreement, for defendant could not have refused and given the alleged reason for his refusal, unless such demand had been made upon him. Putting in default is not a mere vain formality, but is intended by the Code, to offer an opportunity to the obligor to comply and to warn him that in case he fails to comply, he will be held liable in damages. Besides this is not necessary to put one formally in default, who refuses to perform or who acknowledges his inability to perform. Watson vs. Feibel, 139 La. 382, 71 South. 585, and authorities therein cited.

Plaintiff bases his claim ·for damages upon loss of profits which he estimates as follows: He estimates that but for de-

fendant's failure to furnish him water, he would have made an average of ten sacks of rice on the forty acres of land, or 400 sacks, that deducting therefrom one-fifth for rent, and one-quarter for water he would have made for his part 220 sacks instead of 23 sacks, and that his actual loss was then 197 sacks, which at $5.00 per sack would have brought him $985.00, that it would have cost him $225.00 to raise, harvest and save said crop and that he was therefore deprived of a profit of seven hundred and fifty dollars.

The trial judge after hearing the testimony and weighing all the evidence, came to the conclusion that defendant had violated the agreement. In fact the defendant admits his failure to furnish water as agreed, pleading in extenuation, trouble with his pumping outfit and lack of fuel, and pleading also. plaintiff's negligence in maintaining his levees thereby allowing the water to escape and further pleading that plaintiff's crop was in such condition that it did not pay defendant to pump water on same.

These pleas are tantamount to a confession, as they neither excuse nor justify defendant in his failure to perform.

The evidence in our opinion also justifies the trial judge's finding that considering the lateness when plaintiff planted his crop, and its condition at the time it should have begun to receive water, that plaintiff would with sufficient irrigation have made seven sacks of rice to the acre. This estimate is made from the testimony of some of defendant's witnesses and appears to us to be fair, and conservative. Taking then, this estimate as a basis the trial judge after deducting one-fourth for the furnisher of water and one-fifth for the landlord and the usual. expense for thresh-

ing and sacking, gave judgment in favor of plaintiff for $418.50. These findings by the learned judge seem to us to be amply supported by the testimony in the record. The value of rice per sack, and the cost of harvesting and sacking are not seriously disputed. But we believe that defendant should be allowed another deduction which seems to have been omitted from the judgment. Plaintiff did actually and admittedly received the proceeds of 23 sacks of the crop of rice upon the value of which he predicates his claim and the value of the 23 sacks at $5.00 per sack, viz: $115.00 should be deducted from the amount awarded to him in the judgment under review.

Another defense in this case, which properly should have been passed upon before discussing the merits, is to the effect that according to the decision of Boudreaux vs. Thibodaux, 149 La. 400, 89 South. 250, the plaintiff is not entitled to recover for the reason that the damages claimed by him, are too remote and uncertain to serve as a basis for judgment.

The cited case went to the Supreme Court on a writ of review from a decision by this court, and therein a petition demanding damages for loss of profits on crops of cotton and corn, was held not to show a cause of action. Boudreaux had obtained the lease of a tract of land, but he was enjoined by Thibodaux from taking possession. The litigation was prolonged and finally the injunction was set aside, too late however, for Boudreaux to take possession and engage in his proposed agricultural venture. Boudreaux had expected to grow cotton and corn on the land, but was deprived of the benefit of his lease by the injunction so that he was not able even to plant his prospective crops. He sued Thibodaux solely for the recovery of the anticipated profits which he expected to make if he had been able to plant, grow and harvest crops of cotton and corn and all three courts, the District Court, the Court of Appeal and the Supreme Court, held that prospective profits on crops which had not been planted, were too speculative, remote and uncertain to serve as a basis for a judgment.

In the present case, Doucet sued for profits on a crop of 40 acres and his demand entertained on a crop of 30 acres. Ten acres had not been planted by him and the doctrine of the Boudreaux case was properly applied by refusing his demand so far as these ten acres were concerned. Thirty acres were planted and grown by him and became almost a total loss. All surrounding lands during the same season, and under similar circumstances, produced fair crops and it is beyond doubt that plaintiff would have produced a fair crop had it not been for the failure of defendant to provide him with the irrigation which he had agreed to furnish. The expense of growing the crop and its value when grown, are also matters which are fixed with certainty. There is here no question of tort or wilful destruction of a crop. The damages claimed are ex contractu and the case is easily distinguishable from that of Boudreaux vs. Thibodaux, 149 La. 400, 89 South. 250.

Our appreciation of the proof in the case satisfies us that the trial judge's findings are correct but we also believe that he should have credited plaintiff's demand with the value of the 23 sacks of rice which he received from the crop, viz: One hundred and fifteen dollars.

For these reasons, the judgment appealed in this case is amended by reducing the same to three hundred and three 50-100 dollars and as thus amended, it is affirmed.