## ALENGI v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

### CARBONE v. SAME.

### Nos. 5086, 5087.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1935.

Rehearing Denied July 15, 1935.

Harry V. Booth and Chas. L. Mayer, both of Shreveport, for appellants.

Dimick & Hamilton, of Shreveport, for appellees.

DREW, Judge.

Charles Alengi instituted this suit against D. J. Brosnan and the Hartford Accident & Indemnity Company for damages re-

ceived by him when a truck in which he was riding was run into or collided with by a car owned and driven by Brosnan. He alleged the Hartford Accident & Indemnity Company carried liability insurance on Brosnan's car and was jointly liable with him. Alengi itemized his damages as follows:

| | | |
|---|---|---|
| (a) | Pain and suffering....................... | $1,000.00 |
| (b) | Permanent injury to his back........... | 1,500.00 |
| (c) | Damage to automobile................... | 25.00 |
| (d) | One-half the profits from crop of spinach ..................................... | 200.00 |
| (e) | Loss of vegetables on truck at time of accident .............................. | 10.00 |
| (f) | Physician's account and expense....... | 12.00 |
| | Total ................................. | $2,747.00 |

Emile Carbone, who was an occupant of the truck with Alengi, instituted suit on the same day against the same defendants, making the same allegations as were made by Alengi, the only difference being in the amount sued for. He itemized his damages as follows:

| | | |
|---|---|---|
| (a) | Pain and suffering, present and future | $1,500.00 |
| (b) | Partial permanent injury to his right ankle, muscles, ligaments, tendons, vessels and nerves, and bone in his right ankle and foot.................... | 1,500.00 |
| (c) | Loss of profits from crop of spinach.... | 200.00 |
| (d) | Loss of vegetables on truck at time of accident .............................. | 10.00 |
| (e) | Physician's account and expense........ | 49.00 |
| | Total ................................. | $3,259.00 |

The cases were consolidated below and one opinion rendered in both cases. The lower court awarded damages to Alengi in the following amounts: Personal injury, $100; damage to truck, $25; doctor's bill, $12; and loss of vegetables on the truck, $5, totaling $142.

It awarded judgment in favor of Carbone as follows: Personal injury, $150; loss of vegetables on truck, $5; and doctor's bill, $22, totaling $177.

The judgments were in solido against D. J. Brosnan and the Hartford Accident & Indemnity Company. Defendants did not appeal from the judgment, and plaintiffs secured orders of appeal from that part of the judgment which rejected a part of their demands. Plaintiffs then proceeded to execute on the judgment in their favor below, and same was paid. After the appeal was lodged in this court, defendants filed an answer to it in which they pray that the judgment of the lower court be reversed and plaintiffs' demands rejected in toto.

The question now presented is whether the judgment rendered below in favor of plaintiffs, which neither plaintiffs nor defendants have appealed from, is before us for adjudication.

There would be no difficulty in deciding the question if plaintiffs had not specifically qualified their prayer for appeal, and same was granted, which limited the appeal only to the question of quantum. There has been no appeal from the finding of the lower court as to the negligence of defendants and their liability to plaintiffs for the damage caused them. That question was settled below, and defendants have not appealed from it. The courts of this state have repeatedly held that a plaintiff can appeal from that part of a judgment which rejects part of his demand and then execute on the judgment which awarded him part of his demand, when defendant has not appealed suspensively or at all. Cory v. Askew, 169 La. 479, 125 So. 455; Foster & Glassell Co. Ltd. v. Harrison, 173 La. 550, 138 So. 99; Kittredge v. Grau, 158 La. 154, 103 So. 723.

That is exactly what plaintiffs have done in this case, and in doing so, the only part of the case tried below which is before this court is whether the amount awarded to plaintiffs is adequate to cover the injuries received by them and the damage to their property. We are convinced that defendants, without appealing from that part of the judgment which plaintiffs did not appeal from, and which held defendants liable for the damage sustained, cannot be heard to raise the question here, and are therefore limited to be heard only as to whether the award was adequate; and cannot by answer to the appeal taken by the plaintiffs in this case bring before us the question of defendants' liability for any amount. A different situation would confront us if plaintiffs had taken an appeal without limiting it to a certain part of the case. Defendants rely upon article 592 of the Code of Practice to sustain their position that, by answering the appeal, they are entitled to be heard on the entire case. The article reads as follows:

"Appellee—Prayer for reversal on certain points.—Nevertheless, if the appellee complain of some parts of the judgment of the inferior court, he may, without appealing from the same, pray it to be set aside

in those points in which he believes that he is aggrieved."

There cannot be an appellee without an appellant. There is before us in this case no appellant from that part of the judgment rendered in plaintiffs' favor. It is very clear to us that the above article applies only to cases in which an appeal is taken without limiting said appeal to only the part of the judgment in which appellant's demands were rejected below.

■ Emile Carbone received general bruises over his body and a lacerated and strained ankle. He was under the treatment of a doctor for three weeks, incurring a doctor's bill of $22. He was confined to his bed for 21 days and was unable to perform his usual labors for several weeks after leaving his bed. His injuries were not permanent, and had healed at the time of trial. The lower court allowed him for personal injuries, which we understand to have been for pain and suffering, the sum of $150. This amount is not in line with the award in similar cases made by this court. The amount should have been $350. The other amounts allowed by the court are correct, with the exception of the loss of his spinach crop, which was rejected, and which we will discuss later.

■ Alengi received body bruises and numerous lesions, also a strain to his back in the sacroiliac region, which necessitated it being strapped with tape for a week. He received a bruise on his arm and shoulder, which he complained of for some time after the accident. He was confined to his bed for two weeks and was unable to perform his usual labors until about one month after the accident, but had no permanent injury. The lower court awarded him judgment for pain and suffering in the amount of $100, which is inadequate, and should have been in the sum of $300. The other awards made to him by the court below are correct, except the rejection of his demand for the loss of the spinach crop, which should have been allowed.

■ Plaintiffs were partners in the operation of a small truck farm. On this farm they had three acres of spinach, which was fully grown and ready to gather and market at the time of the accident. It is shown without contradiction that the three acres of spinach which were fully grown would have made, when gathered and tied in bundles of 12 bunches to the bundle, 1,500 bundles; that the market price at that time was 30 cents a bundle. In other words, they had grown and ready for market $450 worth of spinach. The cost of planting, cultivating, harvesting, and marketing it was 10 cents per bundle. The greater part of this cost was in gathering, washing, tying it in bundles, and marketing, and, since we are unable to determine just exactly what per centum of the 10 cents per bundle would be used in getting it ready for market, and marketing it, we are forced to allow the full 10 cents for that purpose, which would leave a net profit in the spinach of $300, if it had been gathered and sold. The only reason it was not was due to the fact that plaintiffs were confined to their beds and unable to work at the very time the spinach was ready for marketing. It is shown by the testimony that when spinach is ready for market, it has to be gathered and sold within a time of from 20 to 30 days, or it becomes yellow and worthless. Any and every one cannot handle it for the reason it is tender and easily bruised. Plaintiffs could not secure any one who was capable to handle it, and, being unable themselves to do so, lost the entire crop, which was caused entirely by the injuries they received in the accident. They are entitled to recover for this loss. As above stated, they were equally interested, as partners, in the spinach crop, and are entitled to $150 each for this loss.

It therefore follows that there is judgment awarded Emile Carbone against D. J. Brosnan, and the Hartford Accident & Indemnity Company, in solido, in the full sum of $527, less a credit of $177, awarded him below and paid by defendants; and in favor of Charles Alengi against D. J. Brosnan and the Hartford Accident & Indemnity Company, in solido, in the full sum of $492, less a credit of $142, awarded him below and paid by defendants; both judgments to carry interest at the rate of 5 per cent. per annum from judicial demand until paid; cost of appeal to be paid by the defendants.