JANVIER, Judge.
On February 1st, 1950, at about 6:10 o’clock in the evening, as George A. Kemp attempted to drive his Plymouth sedan from the .curb.in front of an automobile sales company on Canal Street in New Orleans, it was backed into by a' taxicab of Nola Cabs, Inc., which was operated by David L. Davis. -In the sedan with Kemp was his wife.
Alleging that the accident had been caused by negligence on the part of the driver of the taxicab, Kemp and his wife brought this suit, praying for solidary judgment against the cab company, Nola Cabs, Inc., and David L. Davis, the operator.
Kemp asked for damages of $1,600.36, made up of the following items:
Doctor bills for self, $ O o ir> CM
Doctor bills for wife, O o lo CM
55.36 Ruckstuhl Service for repairs to automobile, itemized statement annexed and made part hereof,
995.00 500.00 Shock, nervousness, loss of time, Pain and'suffering and mental anguish .
$1,600.36
Mrs. Kemp asked for judgment for $1,-000.00, made up as follows:
Shock, nervousness, stiffness of body, trauma. $ 500.00
Pain and suffering, and .mental . anguish. 500.00
$1,000.00
Defendants answered, denying that the operator of the cab had been at fault. However, when the case came to trial in the Civil District Court for the Parish of Orleans, counsel for defendants made the following statement: “Counsel for defendants, David L. Davis and Nola Cabs, Inc., admit liability in the premises, but deny the damages or the amount of damages claimed by the plaintiffs herein.”
After a trial on the merits there was judgment dismissing the suit of plaintiffs. The matter is now before us on appeal.
After hearing the opening argument of counsel for appellants, we found it a little difficult to understand why the suit should have been dismissed in toto, but *189 when we heard the argufnent of counsel for defendants, we understood the reasons which had prompted the district judge to dismiss the suit.
We.think it perfectly obvious that plaintiffs were not sincere in their demands; that they grossly exaggerated their claims, and that, as a matter of fact, though some slight damage, which Kemp did not. prove, was sustained by the automobile, they suffered no physical injuries.
Though $55.36 was claimed as the amount necessary to repair the automobile, there is not one word in the record to show that this amount was expended. It is true that attached to the petition is a receipted bill, more or less itemized, showing that this amount of $55.36 was paid to Ruckstuhl Service, 'but Mr. Kemp- did not himself testify that this had been paid for damages caused by this accident and did not produce any one from Ruckstuhl,Serv-ice nor anyone else to testify as to the correctness of the bill. Counsel argues that our decision in Bertuccini v. Toye Bros. Yellow Cab Co., La.App., 11 So.2d 247, 249, is authority for his view that the production of the receipted bill is all that is necessary. Counsel misunderstands our decision. In that case we stated that plaintiff “ * * * produced a receipted bill * * * ” and testified that “all- of the repairs shown had .been made necessary by this accident.”
When we come to consider the amount claimed for doctors’ bills, we find not one word in the record to show that any amount was paid to the doctor. It is true that a doctor did testify that 'h'e had examined Mr. and Mrs. Kemp, but there is not one word to show the amount of his bill or that anything at all had been paid or is due to the doctor.
So far as physical injuries to either Mr. or Mrs. Kemp are concerned, we are convinced from the record that neither suffered any injury which would justify the making of any award at all.
On the day after the occurrence, Mr. Kemp called at the office of the taxicab company to- discuss settlement for damage to his car, and he was given a 'blank form and was asked to fill it out. He himself filled it out. In answer to the question, “Was there any personal injury?” he wrote the' word, “No.”
It is true that Mr. and Mrs. Kemp both consulted a doctor, but they did not do so until they had first consulted a-lawyer who referred them to a .doctor. The doctor, however, very obviously thought that they had sustained no injuries worth mentioning. After discussing the condition of Mrs. Kemp, he was asked, “The only thing you found was a rapid pulse and blood pressure?” and he answered, “A little bit, not exceptionally abnormal.” Mrs. Kemp suffered a miscarriage about three weeks before the accident. The doctor was asked, “What effect did the accident have on Mrs. Kemp’s recovery from the miscarriage?” and he answered, “It did not' hinder that at all, at the time of my examination she had recovered from the miscarriage.
Our conclusion is that Mr. and Mrs. Kemp were insincere and unreasonable in fixing the amount of their damage. The testimony which they have given makes it impossible for us to accurately determine just what their injuries were. As an evidence of their insincerity, Mr. Kemp claimed $995.00 “for shock, nervousness, loss of time.” He stated that his shock and nervousness resulted from his fear as to his wife’s condition. However, when he was asked whether, on his way home after the accident, his wife had made any complaint of injury, he answered, “I don’t believe she said anything about injuries.”
When asked, “Did you lose any time from your work?”- Mr. Kemp s,aid: “* * * I was off I think three days, all told, and two other days I did go to work but in my line of work I certainly did not perform it very well, * * ” He was a typist (“a yeoman is the correct title”) in the Navy. He was asked, “ * * * don’t you get paid for loss of time?” and he answered: “I get my regular salary but my subsistence is cut if I don’t report for work.”
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.