PONDER, Justice.
The defendant has appealed from an adverse judgment in favor of the plaintiffs for the sum of $5,688.79, with legal, interest from judicial demand, for damages to a rice crop resulting from an overflow of oil from a battery of storage tanks owned and operated by the defendant. The defendant concedes liability but contends on this appeal that the award of damages is excessive.
The defendant takes the position that the yield of rice which could reasonably have been expected was 10.1 barrels of rice per acre and that the lower court was in error in basing its judgment on an expected yield of 17.9 barrels of rice per acre.
The land involved in this suit was planted in rice by the plaintiffs in the years 1946, 1947, 1948 and 1949. It was virgin land insofar as rice was concerned and considerably better than the average rice lands of Vermilion Parish. Two witnesses testified that they had observed the plaintiffs’ crop and'estimated that if should have yielded approximately 18 barrels per acre had it not been damaged by the overflow of oil. The evidence shows the plaintiffs had a good stand of rice on the place. .This land produced rice at an average of 16.1 barrels per acre in the year 1946. The evidence does not show the variety of the rice. It appears that the yield from Blue Bonnet rice ranges from 2 to 6 barrels per acre more than the other varieties. The yield from this land for the year 1947 in Blue Bonnet rice averaged 19.8 barrels per acre. The yield in 1948 of Zenith rice was only 9.6 barrels per acre on account of the failure to secure a good stand. The yield in 1949 of Blue Bonnet rice was 4.52 per acre on account of the damage occasioned by the overflow of the oil. There is considerable evidence relating to the yield of various tracts of land in previous years but we feel that the proper criterion to be used in arriving . at the approximate loss suffered by the plaintiffs would be the average yield and market value of crops of the same kind of rice planted and cared for in the same manner in the same community. Watkins v. Gulf Refining Co., 206 La. 942, 20 So.2d 273. During the year 1949, 30 acres of land in the near vicinity produced an average of 8.5 barrels per acre of Rexora rice after being damaged by a storm. Thirty-seven acres in the near vicinity produced 15.83 barrels per acre Zenith rice. Twelve and one-half acres in the near vicinity produced 14.4 barrels per acre Blue Bonnet rice. Seventeen acres in the near vicinity produced 16.9 barrels per acre Zenith rice. Forty acres produced 16.7 barrels per acre Zenith and 90.92 acres produced 10 barrels of Magnolia rice per acre. Taking the evidence into consideration as a whole, we *166 cannot say that the conclusion of the trial judge, that plaintiffs could reasonably have expected a yield of Blue Bonnet rice on an average of 17.9 barrels per acre from their lands, is erroneous. Particularly is this true in view of the fact that two disinterested witnesses, experienced rice farmers, who had observed the crop before it was damaged, estimated the expected yield to be 18 barrels per acre; the fact that plaintiffs’ land was superior to the average rice lands; and the fact that Blue Bonnet produces from 2 to 6 barrels more per acre than any other variety of rice.
The defendant contends that the award of $842.66 for the loss of rice straw is excessive. The contention is based on the ground that the award was erroneously based on the value of baled rice straw instead of loose rice straw. It appears from the evidence that baled rice straw is worth approximately 40 cents per bale -and that the cost of baling ranges from 20‡ to 25^ per bale. It does not appear that the plaintiffs bought any rice straw during that season. Such being the case, the plaintiffs have only suffered the loss of loose straw. The award should accordingly be reduced $421.33.
For the reasons assigned, the judgment ■ of the lower court is reduced $421.33 so as to award the plaintiffs $5,267.46, with legal interest from judicial demand until paid. As thus amended, the judgment is affirmed at appellants’ cost.