84 So.2d 634 (1955)
Fred H. RHYMES, Jr., et al., Plaintiffs-Appellees,
v.
Raoul P. GUIDRY and Marquette Casualty Company, Defendants-Appellants.
No. 4113.
Court of Appeal of Louisiana, First Circuit.
December 30, 1955.
*636 Dubuisson & Dubuisson, Opelousas, for appellant.
Peter C. Piccione, Lafayette, for appellee.
TATE, Judge.
The sole remaining issue on appeal is the quantum. The amount and nature of the damages were the chief issues in a three-day trial on the merits.
This suit is for the damages sustained by Fred H. Rhymes, Jr., his wife, his 18-year-old daughter, and his 10-year-old son, all of whom were riding in the Rhymes' car when it was involved in an accident caused through the undisputed negligence of the insured, co-defendant Guidry. Defendants seek decrease, and plaintiffs (by answer to the appeal) increase, of the District Court's award of damages for personal injuries sustained by all four members of the Rhymes family, and of the additional award to Rhymes individually for loss of earnings caused by injuries sustained in the accident. All parties acquiesce in the award to Rhymes of $642.50 special damages for medical expenses and property damage, etc.
1. Personal Injuries.
We find equally forceful authorities and reasons cited to us by defendants that the awards for personal injuries were excessive, and by plaintiffs that such awards were insufficient. The award of damages for pain, suffering, shock, etc., for personal injury, of necessity somewhat arbitrary, depends to a large extent upon the facts and circumstances of each case, and we find neither manifestly insufficient nor manifestly excessive the following awards:
(a) Fred H. Rhymes, Jr., $2,000 for: lacerations, brush burns and severe bruises on body, back, neck, forearm, and hand; fractured rib; temporary nerve root damage; confined to home for approximately 4 weeks; completely disabled to do any physical work with his hands or otherwise for 2 months to 10 weeks; fairly severe pain for a week and unable to move without pain for approximately 2 months;
(b) Mrs. Inez B. Rhymes, wife, $750 for: ruptured blood vessel in right forearm; laceration of the upper lip; severe bruise to the chest and multiple bruises to both legs; almost invisible tiny scar in cupid of lip; three weeks pain and suffering;
(c) Elizabeth Ann Rhymes, daughter aged 18 years, $350 for: small laceration to right upper eye lid; bruise of tissues around right eye; multiple bruises to left thigh and hip;
(d) James H. Rhymes, son aged 10, $200 for: brush burns on back; severe bruise to left side of neck; black eye.
2. Loss of Earnings by Rhymes.
Plaintiff Fred H. Rhymes, Jr., was awarded: (1) loss of earnings as piano tuner and repairman, for loss of 10 weeks wages at $85 per week, or $850 total; (2) *637 loss of wages as band leader of $576; (3) net loss of the crops on land actually planted by plaintiff Rhymes before the accident in the amount of $1,669.54 for loss of cotton, and $2,146 for loss of sweet potatoes.
(a) Loss of earnings as piano tuner and repairman:
Defendants urge that this award should be disallowed in toto since the sole testimony supporting the amount of this award is the self-serving statement of Rhymes that he averaged $85 per week in this one of his three occupations. His wife also testified that he earned additional income of unspecified amount as piano tuner in addition to his other earnings.
Loss of earnings due to injury may of course be awarded to one in business for himself based on plaintiff's testimony as to average weekly earnings, Brady v. Avenue Theater Corporation, La.App., 194 So. 721 (nurse); White v. Halliburton Oil Well Cementing Co., La.App., 1 Cir., 183 So. 537; 185 So. 68 (doctor); ordinarily the discretion of the trial court in accepting such testimony will not be disturbed, Anagnosti v. Toye Bros. Yellow Cab Co., La.App., 56 So.2d 166 (bond salesman); Lynch v. Fisher, La.App., 41 So. 2d 692 (real estate salesman).
However, although Rhymes stated that he kept books and records of these earnings and had filed income taxes thereupon, he did not bring such records to court (although he had brought records of other earnings, see Tr-305). We have therefore decided to disallow the award in this instance, on the principle that plaintiff could have easily brought corroborative evidence (his records, etc.) but failed to do so, Jenkins v. A. R. Blossman, Inc., La. App. 1 Cir., 60 So.2d 131; Scott v. Davis, La.App., 56 So.2d 187. Thus unsupported by such available records his testimony was more in the nature of an estimate than proof, Horrell v. Gulf & Valley Cotton Oil Co., Inc., 16 La.App. 90, 133 So. 394.
Further, Rhymes himself frankly admitted that his piano tuning activities were fitted to slack seasons as farmer and musician (Tr-305), and we believe the evidence indicates that during the 10 weeks of disability following the accident, plaintiff would necessarily have been fully occupied with his alternate occupations as musician and farmer, for which we believe he is fully compensated below.
(b) Loss of earnings as musician.
The District Court awarded Rhymes loss of earnings as musician (band leader) during 8 weeks' disability, at 3 nights per week at $24 per night, or a total of $576. Defendants do not complain of this award.
Rhymes seeks increase of this item of damages, arguing both that he was disabled for a longer period and also that due to his admitted incapacity during the 8 weeks he missed employment for a long-run engagement. We do not find manifestly erroneous the District Court's disallowance of a longer period of disability based on the medical testimony in the record; nor its disallowance as speculative of the alleged earnings Rhymes might have received from a long-run engagement at which he might have been employed if it had not been for the accident.
(c) Damages for loss of crops.
The District Court awarded Rhymes damages for the loss of crops on 25½ acres of cotton and 7 acres of sweet potatoes which Rhymes had planted before the accident.
Despite defendants' argument that damages for loss of crops is limited to the cost of seed and labor expended at date of injury and cannot be the speculative profits which would have been received when the crops were matured and gathered, Boudreaux v. Thibodeaux, 149 La. 400, 89 So. 250, we believe the District Court correctly applied the more modern rule that in determining damages to growing crops "the proper criterion to be used in arriving at the approximate loss suffered by the plaintiffs would be the average yield and market value of crops of the same kind of [crops] rice planted and cared for in the same manner in the same *638 community", Dubois v. Phillips Petroleum Co., 221 La. 161, 59 So.2d 107, at page 108, "less the cost of marketing, harvesting and maturing", the market value being "what the crops would have brought in a matured state at a sale in that community", Watkins v. Gulf Refining Co., 206 La. 942, 20 So.2d 273, at page 281.
It should be further stated that plaintiff produced convincing proof that he had unsuccessfully sought to minimize his losses by securing tenants (which he was able to do for a small portion of the land) and by seeking the assistance of others in securing day laborers to perform the work he and his family would have done if not incapacitated. Under such circumstances, an injured person unable to care for and harvest his crop by reason of injuries negligently inflicted upon him and unable to procure anyone else to do so, can recover as damages the loss of income from such crop, Alengi v. Hartford Accident & Indemnity Co., La.App., 167 So. 130, 131; 162 So. 218.
Defendants urge in the alternative various factual reasons why Rhymes could not have raised the crop for which the District Court allowed damages based on the average yield, price, and cost of production and harvesting of crops in the neighborhood, and why such figures as found by the District Court were not correct. The reasons for judgment rendered by the District Court indicate careful study and analysis of the 346-page record, and we see little point in detailed repetition of the evidence. We find supported by the record the Court's findings as to yield, price, and cost of production and harvesting of crops in the immediate neighborhood of plaintiffs, and we do not find manifestly erroneous the court's determination of the crops, expenses, and net profits that Rhymes would have made from his already planted crops but for the injuries sustained in the accident with the defendant-insured.
For instance, defendants produced an expert who owned and managed a 3000-acre plantation in a neighboring parish and who testified from detailed records and obviously expert knowledge as to yield, costs, etc., of the tenants on his plantation. We believe the District Court correctly accepted in preference the testimony of small farmers in Rhymes' immediate neighborhood as to the yield that year of land in Rhymes' immediate community and as to the costs of a small family-size farm, owned or partly owned by the man actually farming it, even though such small farmers did not maintain elaborate records.
Defendants further urge that plaintiff cannot recover damages as to the 15½ acres of cotton planted on land rented on third-shares from Messrs. Blanchard and Servat, because plaintiff did not produce a lease or the testimony of lessors. However, the record indicates that two of plaintiffs' neighbors, Hanks (Tr-195) and Gotch (Tr-224), testified, as did plaintiff and his wife, that Rhymes had rented and actually planted the land in question, and this testimony is somewhat corroborated by a crop lien executed to the People's Cotton Oil Company (P-6) before the accident. Plaintiff's damages in this respect are sufficiently proved in the record.
Although the record supports the District Court's greater award, plaintiff's recovery for loss of his sweet potato crop is limited by the demand of his petition to $150 per acre for 7 acres, or $1050; less $150 actually harvested, or a net award of $900. (See Articles XX, XXVI, petition.) The judgment must therefore be reduced to omit the excess inadvertently awarded.
Plaintiff seeks recovery not only for loss of profits on acreage already planted, but also for loss of profits on acreage he intended to plant in cotton and potatoes but was allegedly prevented from doing so by the injuries sustained in the accident. He forcefully argues that since this is a loss of revenue occasioned by injuries sustained through the defendants' negligent act, he is likewise entitled to this recovery, *639 see Annotation, "Measure of Damages for lesser earning capacity of a person engaged in business for himself," 12 A.L.R.2d 291.
However, we do not find erroneous the court's disallowance of such damages as speculative or uncertain. Rhymes himself frankly admitted that he intended to plant the extra cotton land only if he had the opportunity to do so, and admitted that the planting of additional acreage in cotton and potatoes was somewhat dependent on weather conditions, etc. "Plaintiff, not having any crop, lost none, and therefore suffered no damages from the loss of crops", Boudreaux v. Thibodeaux, 149 La. 400, at page 401, 89 So. 250; although had he sought it, plaintiff might have recovered the alleged expenditures incurred in preparing the land for planting.
Thus, as to crops already planted and growing, the anticipated yield and profits can be approximated with reasonable certainty based on the average crops in the immediate neighborhood. It was not unreasonable to conclude on the basis of the record that once time, effort and expense had been invested in the planting, such crops would be attended with the same average attention and success or failure as other crops in the same neighborhood. But as to crops not yet planted, particularly in the circumstances of this case, it may be speculative to assume that the intention would be father of the deedwhen the weather, mere "spring fever", or the alternative economic activities might have deflected the ambitious farmer from his contemplated expansion in acreage.
3. Decree.
For the above and foregoing reasons the judgment herein is amended to reduce the award to Fred H. Rhymes, Jr. in his individual capacity to $5,788.04 with legal interest thereupon from date of judicial demand until paid, and as thus amended, the judgment of the District Court herein is affirmed in all other particulars, respects, and awards. Cost of this appeal is to be paid by plaintiffs-appellees.
Amended and affirmed.