LOTTINGER, Judge.
This matter comes to us at this time on a motion to remand to the Trial Court on behalf of the plaintiff-appellee. In his motion to remand he alleges in part as follows:
“1.
“That the injuries sustained by Josephine B. Granata in an automobile accident on October 4, 1963 consisted of a fracture to the left femur, requiring open reduction, certain disfigurement in the area of the pelvis and an injured right knee.
“2.
“That the trial of this matter was had on September 30, 1964, in the 19th Judi *285 cial District Court, in and for the Parish of East Baton Rouge, Louisiana, and on October -, 1964, Judgment was rendered by the said trial court in favor of plaintiff, Lawrence Granata, individually, in the amount of One Thousand One Hundred Ninety Nine and 05/100 ($1,099.05) Dollars, and Lawrence Granata, for and in behalf of his minor child, Josephine B. Gra-nata, in the sum of Six Thousand Five Hundred and no/100 ($6,500.00) Dollars.
“3.
“That on the 19th day of October, 1964 Judgment was read and signed and thereafter a suspensive appeal was timely taken by the defendants, Maury Simpson and State Farm Mutual Automobile Insurance Company.
“4.
“That since the trial and appeal of this matter, certain evidence has been discovered by the plaintiff-appellee which was not available to them prior to the trial nor prior to the appeal taken in this matter.
“5.
“That at the time of the trial of the case on the merits, plaintiff’s doctors and medical experts had not diagnosed an injury to the medial meniscus of the right knee which will require an operation in their opinion, such opinion not having been stated at the trial of this cause on September 30, 1964.
“6.
“That subsequent to the trial of this cause on the merits and subsequent to the taking of the appeal by the defendants-appellants, Dr. Moss M. Banner-man diagnosed a ruptured medial meniscus on the right knee, stating, inter alia, that he was not aware of the seriousness of the injury to the knee until after the trial, all as is more fully shown by his affidavit which is attached to this motion and made a part hereof.”
The affidavit made reference to therein substantiates the allegations of the motion..
This matter, however, is vigorously opposed by the defendant-appellant and both parties cite Article 2164 of the LSA-Code of Civil Procedure which states:
“The appellate court shall render any judgment which is just, legal and proper upon the record on appealEmpha-sis ours.
In addition to the above citation, plaintiff-appellee contends that it is a matter of discretion with this Court as to whether this case can be remanded to the Lower Court for the purpose of taking additional testimony and cites in support of his position the cases of Finn v. National Fire Insurance Company, La.App., 100 So.2d 284 (1958), Camus v. Bienvenue, La.App., 91 So.2d 99 (1956) and Arkansas Louisiana Gas Company v. Morehouse Realty Company, La.App., 126 So.2d 830 (1961). We have read these cases and do not think that they are apposite herein because in these cases cited the record was remanded to the Lower Court because of the state of record on appeal.
In the Finn case supra 100 So.2d at page 288 the Court stated:
“In the state in which we find the record, due to the failure of the parties to adduce the necessary testimony, we do not find it possible to pronounce definitely on this cause.”
In the Camus case supra 91 So.2d at page 102 the Court stated:
“Because plaintiff has proved he sustained damage in this regard, and has offered detailed testimony as to this-loss, accepted by the trial court, but found incompetent in this Court as-proof, in the interest of justice we will likewise remand this portion of the claim for further proof as to the *286 amount of the loss, Article 906, Code of Practice, J. R. Watkins Co. v. Brumfield, La.App., 1 Cir., 86 So.2d 263, 266.”
In the Arkansas Louisiana Gas Company case supra 126 So.2d at page 834, the Court stated:
“With the evidence presently in the record, we are unable to reach a firm conclusion as to the value of the property of the defendant sought by plaintiff for right-of-way purposes, or as to severance or consequential damages, if any, sustained to the property remaining.”
From the above quotations from the cited cases, we reach the conclusion that the main and pivotal reason why these cases were remanded to the Lower Court was due to the fact of the state of the record on appeal.
The ex parte affidavit which is attached to the motion to remand can form no part of the record on this appeal. See Hiern v. Madona, La.App., 145 So.2d 126 (1962) wherein the Court stated:
The affidavit does not form part of the record. We are without right to consider it.” (Emphasis ours)
Defendant-Appellant contends that the present motion before us is nothing but a disguise for a new trial and cites Article 1974 of the LSA-Code of Civil Procedure •which sets forth the delays for applying for a new trial, which is as follows :
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Appellant contends that the case was tried in the District Court on September 30, 1964 and Judgment signed on October 19, 1964, with due notice to plaintiff-appellee. Appeals were taken and bonds posted on October 29, 1964. Appellee does not complain of a want of notice of this judgment and the appellant further contends that this is nothing more than an attempt to do something indirectly which he cannot do directly.
There is no question but that plaintiff-appellee herein has had his day in Court and under the circumstances and the law cited herein we must come to the conclusion that plaintiff has had his day in Court and the motion to remand must be denied. To rule otherwise there never would be an end to litigation either from one side or the other.
For the above reasons the motion to remand is denied.
Motion denied.