CHRIS T. BARNETTE, Judge pro tem.
Peter Keaton, Isaac Thomas, and Joy Keaton Orange sued Baas Beverage, Inc. and Hardware Mutual Casualty Company for damages that arose from an automobile accident which occurred on the morning of July 24, 1963.
Peter Keaton and Isaac Thomas were riding in a vehicle owned by Joy Keaton Orange; and while on St. Claude Avenue in the City of New Orleans, it became necessary for Peter Keaton, the driver, to stop the vehicle because of the existing traffic conditions. A truck owned by Baas Beverage Service, Inc. and being operated by Joseph M. Lizana, an employee, struck the *740 rear of the plaintiffs vehicle while it was in its stopped position.
We fully agree with the trial court in its Ending that:
“There is no doubt in the instant case that the accident and resulting injury was a result of the negligent operation of the truck owned by the defendant, Baas Beverage Service, Incorporated, in that it did strike the vehicle that was being operated by Peter Keaton at a time when the vehicle was either completely stopped or moving, very, very slowly in congested traffic. The Court finds no contributory negligence of any kind by either of the plaintiffs, either Peter Keaton or Isaac Thomas. * * ”
The defendant has not disputed the issue of negligence on appeal and has satisfied the trial court’s judgment of $50.00 to Joy Keaton Orange and $1,750.00 to Peter Keaton. This appeal is limited to the judgment awarding Isaac Thomas the amount of $4,726.00. The issue to be considered here is confined to the matter of quantum.
The trial court itemized its $4,726.00 award to Thomas as follows: $2,500.00 to compensate for loss of earnings, both present and future; $211.00 for doctors’ bills; $50.00 for drugs; and the remaining $1,965.00 was awarded for pain and suffering.
We find no error in the awards of $211.00 for doctors’ bills and the $50.00 for drugs. We also find no abuse of the trial court’s “much discretion” in determining quantum for pain and suffering. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, on rehearing, 245 La. 239, 158 So.2d' 149 (1963). We therefore affirm that portion of the judgment awarding $1,965.00 for pain and suffering.
The award of $2,500.00 for lost earnings,was based on $60.00 per week. This weekly amount was multiplied by 52, the number of weeks of disability, to arrive' at the amount of $3,120.00. Then, because Thomas did not work every week, the trial court lowered the $3,120.00 to the round figure of $2,500.00.
Before inquiring into the area of sufficiency of proof of earnings lost, and assuming arguendo that the proof was sufficient, it is obvious that plaintiff Thomas, claiming ex delicto, cannot be awarded loss of earnings based on 52 weeks when he testified that 22 weeks after the accident, in December 1963, he had returned to work and was earning as much and sometimes more than he had earned before the accident.
The plaintiff Isaac Thomas testified on direct examination as follows:
“Q Have you ever been able to get to do the work you were doing before the accident?
“A No.
“Q Have you — are you doing the same type of manual labor, or is it not as heavy?
“A No, sir.
“Q Have you ever done it since the accident?
“A No, sir.
“Q Now, you say you went back to work, sometime around December?
"A Yes, sir.
“Q 1963?
“A Sometimes.
“Q Was that before Christmas?
“A Yes, sir, a couple of days before Christmas.
“Q Now, since you returned to work, Isaac, are you able to earn the same wages that you did prior to the accident?
“A Oh, yes, sir, sometimes more.
*741 “Q Sometimes more?,
“A Yes, sir.
¡“Q What’s the reason for that?
“A Well—
“MR. WILSON:
“I object.
“THE WITNESS:
“With the carpenter, the carpenter work I am doing now are supposed to be more every year than when I was a hod carrier.”
We now turn to the question of whether or not plaintiff has proven sufficiently a loss of earnings during the 22 weeks from July 24 through the end of December. A plaintiff must prove loss of earnings to a reasonable certainty. This reasonable certainty can be satisfied by plaintiff’s own detailed and uncontradicted testimony as to such losses, if reasonable and if so accepted by the trial court. The lost earnings need not be proven to a mathematical exactitude but need only be proven so as to establish reasonably the claim. Where corroborative evidence is shown to be available it should be produced. Fontenot v. Grain Dealers Mutual Insurance Co., 170 So.2d 513 (La.App. 3rd Cir. 1965); Stevens v. Dowden, 125 So.2d 234 (La.App. 3rd Cir. 1960); Degeyter v. Trahan, 113 So.2d 808 (La.App. 1st Cir. 1959); Rhymes v. Guidry, 84 So.2d 634 (La.App. 1st Cir. 1955).
Isaac Thomas has met the standards of proof as above set out. Not only was plaintiff’s uncontradicted testimony as to his average weekly earnings accepted by the trial court, but it was corroborated by his employer. We feel that Thomas has done enough, under the circumstances, to show that he averaged $60.00 a week, three weeks per month, as a helper on small masonry jobs. The trial judge found that Thomas had proved his weekly earnings to a reasonable certainty and we agree.
We do, however, for reasons above stated, amend the trial court’s judgment so as to grant the plaintiff Isaac Thomas $60.00 per week for 17 weeks amounting to $1,020.00. This number of weeks was arrived at by taking approximately three-fourths of the period of 22 weeks, since Thomas testified that he worked only an average of three weeks out of four.
For the reasons assigned, the judgment appealed from is amended by reducing the total amount thereof to $3,246.00, and as thus amended and in all other respects the judgment is affirmed; defendants-appellants are cast for the costs of this appeal.
Amended and affirmed.