WILLIAMS, Judge.
Leslie A. Cowley, plaintiff herein, was injured in an accident August 7, 1970. The instant suit was brought by plaintiff against the driver of the other, vehicle, William L. Lott and his public liability insurer, Aetna Casualty and Surety Company.
The accident occurred at approximately 12:15 p. m. on a private road which traverses the Curtis Plantation, owned and operated by plaintiff in Bossier Parish. This roadway has a blacktop surface estimated to average ten feet in width. The road begins at Highway 71 and extends in a westerly direction towards plaintiff’s residence some three miles distance away.
Immediately prior to the accident plaintiff was driving a new 1970 Ford pickup truck in a westerly direction on this roadway. He was approaching a cattle gap and as he observed another vehicle approaching, driven by defendant Lott, he brought his vehicle to a stop at the gap.
The vehicle being driven by Lott was an International pickup truck and was eastbound. Lott’s speed just prior to the collision was estimated at between 20 and 30 miles per hour. Just east of the cattle gap the roadway curves slightly to the north. Lott stated he did not see the approaching vehicle due to high weeds on the north side of the roadway. He testified he saw Cowley’s pickup “just a split second before we hit.” The two vehicles collided head on, resulting in injury to both vehicles and' Cowley.
The trial court held Lott’s negligence in failing to keep a proper lookout was the sole proximate cause of the accident and Cowley was not guilty of any negligence contributing to the accident. We agree with these findings.
The personal injuries sustained by Cowley were severe. The collision caused Cowley to be struck a heavy blow in his abdomen rupturing his omentum. This injury resulted in internal bleeding and would have proven fatal if not for his being rushed to the hospital and the prompt attention of Dr. John Hendrick. Dr. Hendrick found Cowley in shock with complete loss of blood pressure and pulse. .An emergency operation was performed, which the doctor described as an incision of approximately 18 inches from the rib *448 cage to the pelvic bone. This surgery revealed Cowley suffered a badly ruptured omentum which was removed. After eleven days in the hospital five of which were spent under intensive care, Cowley returned to his home. After two months Cowley was able to resume part of the duties of operating his plantation. This work was limited to supervision, as he was not able to do any lifting or manual labor. The trial court, considering Cowley’s permanent loss of his omentum, its importance to his continued health and the pain and suffering endured awarded him ■ $25,000 general damages. We believe this amount to be neither excessive nor inadequate and well within the discretion of the trial court.
Plaintiff also suffered losses when his cotton crop was severely damaged by insect infestation because Cowley was unable to supervise the poisoning of the insects. In awarding damages here the trial court stated:
“Considering the training and experience of the plaintiff in his chosen field and the fact that the record is devoid of any showing that corroborative evidence was available and not produced, we must conclude that the testimony of the plaintiff Cowley is competent and sufficient to prove that his cotton crop for the year 1970 suffered severe damage from insect infestation. We do not consider his testimony as to the reduction in his yield to be a general estimate of his loss, but rather a computation of loss based on his average yield per acre over a period of 19 years as opposed to his actual yield of the year 1970.
Granting that the plaintiff’s cotton crop was severely damaged by insect infestation due to the loss of his supervision which was attributable to his injury and that his loss of anticipated profits amounted to $18,700.00, we do not feel that this is the most accurate measure of damages. The plaintiff testified that his cost was $60 per bale and this means of course that the cost would be constant whether he made a bumper crop or a poor crop. Anticipated profits are speculative, while costs can be accurately computed. The cost to plaintiff of production of the 210 bales of cotton not produced was $60 per bale or $12,600.00. This was an out of pocket loss attributable to the negligence of the defendant Lott which, we think, the plaintiff is entitled to recover.”
Manifestly, the trial court did not award damages for loss of profits by Cowley. The assessed damages are to cover expenses plaintiff would have to produce 210 additional bales of cotton. The trial court’s basis of $60 outlay in expenses awarded plaintiff is neither factually nor legally correct. If plaintiff is entitled to recover, he must prove profit lost, not the cost of cotton not produced.
In Rhymes v. Guidry, 84 So.2d 634 (La.App., 1st Cir. 1955) the court clearly set forth the method by which such crop losses may be calculated, to-wit:
“The District Court awarded Rhymes damages for the loss, of crops on 25j4 acres of cotton and 7 acres of sweet potatoes which Rhymes had planted before the accident.
“Despite defendants’ argument that damages for loss of crops is limited to the cost of seed and labor expended at date of injury and cannot be the speculative profits which would have been received when the crops were matured and gathered, Boudreaux v. Thibodeaux, 149 La. 400, 89 So. 250, we believe the District Court correctly applied the more modern rule that in determining damages to growing crops ‘the proper criterion to be used in arriving at the approximate loss suffered by the plaintiffs would be the average yield and market value of crops of the same kind of [crops] rice planted and cared for in the same manner in the same community’, Dubois v. Phillips Petroleum Co., 221 La. 161, 59 So.2d 107, at page 108, ‘less the cost of marketing, harvesting and maturing’, the market *449 value being ‘what the crops would have brought in a matured state at a sale in that community’, Watkins v. Gulf Refining Co., 206 La. 942, 20 So.2d 273, at page 281.
“It should be further stated that plaintiff produced convincing proof that he had unsuccessfully sought to minimize his losses by securing tenants (which he was able to do for a small portion of the land) and by seeking the assistance of others in securing day laborers to perform the work he and his family would have done if not incapacitated. Under such circumstances, an injured person unable to care for and harvest his crop by reason of injuries negligently inflicted upon him and unable to procure anyone else to do so, can recover as damages the loss of income from such crop, Alengi v. Hartford Accident & Indemnity Co., La.App., 167 So. 130, 131; 162 So. 218.” [84 So.2d 634, 637]
Here the trial court found plaintiff had proven he suffered crop damage because of personal injuries resulting in his inability to supervise proper poisoning for insect infestation. We agree with this conclusion.
Proof offered to establish the amount of such damages, i. e., profits from cotton crop, was not acceptable to the trial court. We are in accord with this holding. However, because the trial court and this court holds plaintiff has proven he sustained damages to his cotton crop, in the interest of justice we remand this portion of Cowley’s claim to the trial court for further proof as to amount of his loss. LSA-C.C.P. Art. 2164; Camus v. Bienvenue, 91 So.2d 99 (La.App., 1st Cir. 1956).
The amount of $3,261.17, as stipulated special damages and expert witness fee for Dr. John Hendrick are approved.
For the above reasons, the judgment of the trial court is affirmed insofar as it awarded plaintiff, Leslie Cowley, Twenty Eight Thousand Two Hundred Sixty One and 17/100 ($28,261.17) Dollars for personal injuries, medical expenses and damage to his 1970 truck. It is further affirmed as to the fixing of the expert witness fee due Dr. John Hendrick at $150, and the judgment is annulled insofar as it awarded plaintiff $12,600 as loss due to expenses paid by plaintiff on the 1970 cotton crop, and the case remanded to the Twenty-Sixth Judicial District Court for the restricted purpose of receiving evidence to establish the quantum of damages sustained by losses in the cotton crop incurred by reason of plaintiff’s disability caused by the accident, following which the lower court shall render judgment consistent with the views herein expressed and in accordance with law.
The cost of this appeal is assessed to appellant.
Affirmed in part and remanded.