HORRELL, SR., v. GULF & VALLEY COT-
TON OIL CO., INC.

(March 23, 1931. Opinion and Decree)

Merrick, Schwarz, Guste, Barnett & Red-
mann, of New Orleans, attorneys for plain-
tiff, appellee.

Rosen, Kammer, Wolff & Farrar, of New
Orleans, attorneys for defendant, appel-
lant.

WESTERFIELD, J. The plaintiff in this
case is the father of the plaintiff in the
case No. 13,711, Wm. Francis Horrell,
Jr., v. Gulf & Valley Cotton Oil Company,
Inc., page 91 herein, 133 So. 392, this day
decided, as well as the plaintiff in No.
13,453 of the docket of this court, Wm.
Francis Horrell, Sr., v. Gulf & Valley Cot-
ton Oil Company, Inc., 131 So. 709, de-
cided December 15, 1930. He was in-
jured in the same accident which caused
the injuries to his son. In this case, like
the case No. 13,711, the question of lia-
bility is foreclosed and the only matter
at issue is the quantum.

Plaintiff claims $12,986.35, made up as
follows:

| | |
|---|---|
| For the pain and suffering experienced as a result of the burns received on the arms, legs, face hands and back | $ 2,500.00 |
| For the pain and suffering in his eyes, as well as temporary blindness | 2,500.00 |
| For the permanent impairment and defect in vision of petitioner caused by the explosion | 5,000.00 |
| For pain and suffering experienced by petitioner, as a result of the wound upon petitioner's head, and loss of blood due therefrom | 1,500.00 |
| For physicians' services:<br>Dr. G. A. Bahn—Oculist ___$50<br>Dr. Dyer J. Farley ___ 50<br>Dr. S. Geismar ___ 5<br>Dr. Z. T. Young ___15 | 120.00 |
| Hospital charges | 56.65 |
| Two pairs of glasses | 24.00 |
| For loss of income, due to inability to work | 1,200.00 |
| For destruction of clothing | 76.70 |
| Charity Hospital | 9.00 |
| | $12,986.35 |

With respect to the item of $1,200 "for loss of income, due to inability to work," we find very meager testimony in the record, which we consider insufficient to establish this item of damage. The claim is for loss of profits in a contracting business which may be recovered when definitely established. But something more is required than an estimate which is the extent of the proof here. Tidwell v. Meyer Bros., Ltd., 160 La. 778, 107 So. 571; Kelly & Son v. Yellow Cab Co., 5 La. App. 69.

The actual expenses which have been proven amount to $286.35. The plaintiff in this case does not seem to have been as severely burned about the body as was his son, William Horrell, whose claim we considered under the No. 13,711, but he suffered a contused, lacerated wound of the scalp and has a permanent impairment of vision of 50 per cent in the right eye and 30 per cent in his left eye as a result of the action of the caustic soda. He was awarded $6,000 by the jury for all items of damages claimed. We are unable to say whether the jury took into consideration the loss of profits, which we find to be inadequately sustained by the evidence, or not. In any event, in our view the award was excessive. We believe $4,000 to be proper for all items of damages claimed, except actual expenses, which, as we have seen, amounted to the sum of $286.35.

For the reasons assigned the judgment appealed from is amended so as to reduce the amount awarded plaintiff from the sum of $6,000 to the sum of $4,286.35, and, as thus amended, affirmed.