HORRELL, JR., v. GULF & VALLEY COTTON OIL CO., INC.

---

(March 23, 1931. Opinion and Decree.)

---

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, attorneys for plaintiff, appellee.

Rosen, Kammer, Wolff & Farrar, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff was injured as a result of an explosion which occurred in the plant of the defendant under circumstances which we have heretofore held involved the defendant with responsibility. Wm. F. Horrell, Sr., v.

Gulf. & Valley Cotton Oil Company, Inc. (La. App.), 131 So. 709. The only question at issue here is the quantum of damages.

The damages claimed in plaintiff's petition are fixed at the total sum of $11,247.40 and are itemized as follows:

| | | |
|---|---|---|
| For pain and suffering experienced as a result of burns to his body, inclusive of burns to head, face, arms, back, legs and thighs | | $ 7,500.00 |
| For pain and suffering to petitoner's eyes, as well as temporary blindness | | 2,500.00 |
| For physicians' services: | | |
| Dr. Dyer J. Farley | $75 | |
| Dr. Z. T. Young | 5 | |
| Dr. Charles A. Bahn | 38 | |
| Dr. Chas. F. Gelbke, first aid treatment | 25 | |
| Ten visits at hospital, $3 per visit | 30 | 173.00 |
| For nurses' services: | | |
| Miss L. M. Pericia, Mercy Hospital, 11 days at $7 per day | | 77.00 |
| Miss Marie Bourg, Mercy Hospital, 11 nights at $7 per night | | 77.00 |
| Mercy Hospital charges | | 70.90 |
| For loss of clothing, burned by chemical solution | | 46.50 |
| Glasses | | 11.00 |
| For loss of income due to inability to work | | 792.00 |
| | | $11,247.40 |

The case was tried before a jury and resulted in a verdict in plaintiff's favor in the sum of $5,250. From a judgment based upon this verdict, defendant has appealed.

The award was not itemized, but, since the record discloses the fact that $1,187.40 was proven to have been the actual expense for doctors, nurses and loss of earnings, it is probable that the remainder, $4,062.60, was allowed for the other items of damages claimed.

Plaintiff's injuries consisted of burns caused by superheated steam and caustic soda, the contents of a tank which exploded while he was employed in the vicinity. His face, his eyelids and his eyes were severely burned as was also from one-fourth to one-third of the entire skin area of his body, involving his hands, arms, face, back, buttocks and thighs. He remained in the hospital eleven days and was temporarily blind for three days and, at the time of the trial on November 19, 1930, seventeen months after the accident, was still under treatment of an oculist.

As to the painful character of plaintiff's injuries his physician testified that a burn from caustic soda was one of the "most painful types we have because the action continues longer than a burn from fire. It lasts much longer than a fire burn would last. Fire burns will do their damage and then there is no more extent to that burn, but the caustic soda continues to act against the tissues and lasts longer than ordinary fire burns would last." This physician also stated that heated steam would tend to aggravate the burns because the caustic soda "would be more active in a hot solution."

Plaintiff's mother testified concerning his appearance and the evidence of suffering which she observed and, of course, the plaintiff himself professed to have suffered most acutely. Counsel for the defendant, however, in his argument contended that the plaintiff's testimony concerning his own injuries was very meagre and unsatisfactory. But, in our opinion, it is quite sufficient and as effective as testimony of that character may be. Moreover, the testimony of an injured person as to the extent of his suffering is not rendered more convincing by reiteration and has been held unnecessary.

"Direct evidence as to mental suffering

is unnecessary in order that there may be an award therefor, and according to some authorities evidence of mental suffering other than evidence of the injury which is the alleged cause of action is inadmissible." C. J. Volume 17, Verbo Damages, page 925.

In Stowe v. Heywood, 7 Allen (Mass.) 118, 124, we find the following:

"Mental suffering cannot be directly proved as a fact by any one besides the sufferer, but is a matter of inference from causes which naturally tend to produce it. It cannot be measured aright by outward manifestations; for there may be a show of great distress where little or none is felt. And great distress may be concealed and borne in silence with an apparently quiet mind. Ab inquieto saepe simulator quies. Hence it is plain that the amount of a plaintiff's damages for mental suffering is not to be affected by evidence of his language or conduct—which we suppose to have been the evidence admitted in the present case —but by the nature and extent of the injury which caused that suffering, and its natural tendency to produce it."

There is no doubt, however, that the plaintiff in this case suffered severely, the character of his injury and its effect upon the sensitive organ of sight, his temporary blindness doubtless producing melancholia with agonizing apprehension of total loss of vision, the extent of the burns to his body—all impress us with their gravity. Our attention has been directed to a number of cases in this court and in the Supreme Court, in which the facts were more or less similar, and where sums differing very materially were allowed without apparent reason. We cannot reconcile awards whether approved by this court or the Supreme Court and will not attempt to do so. As was said in LeBlanc v. Checker Cab Company, 8 La. App. 472.

"The sums awarded in these cases are not compensatory and are not standardized. While it may be said that some uniformity should be attempted, so many differences exist in apparently similar cases that little uniformity of award exists or, in the nature of things can be accomplished."

We have concluded to allow plaintiff for pain and suffering the sum of $3,000. The amount of actual expenses, $1,187.40, is not in dispute, consequently and for the reasons herein assigned the judgment appealed from will be amended so as to reduce the amount awarded plaintiff from $5,250 to $4,187.40, and as thus amended it is affirmed.