that this act has no application. The interest, therefore, will be changed from six percent per annum to five percent per annum, the legal rate, and will run from judicial demand. Our decree is amended accordingly.

Rehearing refused.

## WILLIAMS v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA.
### No. 17244.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

For former opinion, see 192 So. 142.

E. B. Charbonnet, Jr., of New Orleans, for appellant.

Moise S. Steeg, Jr., of New Orleans, for appellee.

PER CURIAM.

Our attention has been called to the fact that in affirming the judgment of the lower court we inadvertently allowed six percent per annum interest from the date of the death of the insured as would have been authorized as a penalty under Act No. 17 of 1920. Counsel for all parties concede

## SHREVEPORT LAUNDRIES, Inc., et al., v. RED IRON DRILLING CO., Inc., et al.
### No. 5930.

Court of Appeal of Louisiana.
Second Circuit.
March 31, 1939.

On the Merits Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

Lunn & Trichel and John S. Webb, all of Shreveport, for appellants.

Thos. M. Comegys, Jr., Coleman & Morgan, Irion & Switzer, Henry F. Turner, and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiffs, five in all, alleging themselves, respectively, to be the owners, lessees, sublessees and occupants of the surface lease and building upon Lot Two (2) of Block Twenty-One (21) of the Rodessa townsite, in Caddo Parish, Louisiana, instituted this suit against defendants, four in number, to recover damages caused to them, respectively, by a nuisance, very close to said property, of defendants' alleged creation. In addition to damages accrued to time suit was filed, they each sue to recover a specific amount of damages for each day the complained of condition is allowed to exist. They pray for injunctions, mandatory and prohibitory.

A very large record was built up in the trial below; a voluminous quantity of testimonial proof was adduced. The demands of plaintiffs were rejected and they appealed.

Appellees have here moved to dismiss the appeal on the ground that when the case was submitted for decision below more then the sum of Two Thousand Dollars, exclusive of interest, was involved, and, therefore, this court is without jurisdiction ratione materiae to hear the appeal. Appellants oppose the motion vigorously with lengthy supporting brief. It is evident that for us to intelligently pass on the motion, it will be necessary for us to give to the record the same study and consideration that we would in order to pass on the merits of the case; and if the motion should be found to be without merit, then the case necessarily would have to be again placed on the calendar for hearing on its merits.

This case was not placed on our February calendar. By consent of counsel, the motion to dismiss was then submitted without argument. As a rule we do not hear and pass on motions to dismiss an appeal prior to submission of the case on its merits. It has occasionally happened that such motions were entertained by this court in advance of hearing on the merits, but in such cases the merits of the motion could be easily determined from the face of the papers or from a cursory study of the record. This may not be done in the present case. And in view of this situation, we have decided to return the present appeal to the calendar, together with the motion to dis-

miss, to be docketed for hearing in its regular course.

And it is so ordered.

### On the Merits.

HAMITER, Judge.

A building located on Lot 2 of Block 21 in the Town of Rodessa, Louisiana, is occupied by the plaintiffs in this tort action, and therein they conduct the following businesses: Shreveport Laundries, Inc., which owns a portion of the building, a laundry call station; G. T. McAllister and J. P. Cruse, operating as a partnership, a saloon; C. A. Wilson, a pool hall; Mrs. R. S. McDow, a hotel.

Plaintiffs charge that shortly prior to May 1, 1936, the defendants, through certain described negligent acts and operations, caused the overflowing of said property by water "impregnated with the filth and offal of numerous cesspools, privies and other sources", and that a nuisance on and around their premises has been created. It is further asserted that due to such water, its filthy nature, the odor caused thereby and the failure of the defendants to abate the nuisance, they have suffered damages due to loss of business from the first of May, 1936, at the following rates:

Mrs. R. S. McDow (Broadway Hotel), $25 per day.

G. T. McAllister & J. P. Cruse (Bar), $25 per day.

C. A. Wilson (pool hall), $25 per day.

Shreveport Laundries (laundry call station), $10 per day.

Additionally, the Shreveport Laundries, Inc., avers damage to its property to the extent of $500 for the settling of the building's foundation, $300 for the clogging and filling with filth of the property's cesspool, and $200 for injury to the reputation of the premises.

All plaintiffs pray that judgment be rendered against the defendants, in solido, to compensate for the alleged losses, the damages for the loss of business to be for the mentioned daily sums from May 1, 1936, until the conditions complained of are remedied. They further pray for an injunction ordering the abatement of the claimed nuisance.

After a lengthy trial, during which a voluminous record was built, the demands of all plaintiffs were rejected. They appealed.

In this court defendants have filed a motion to dismiss the appeal. Therein it is urged that the amount involved when the case was submitted to the district court for decision exceeded our jurisdictional limit. With reference to this issue, it is first to be noticed that each of the plaintiffs asserts a separate demand and has no interest in the demands of the others; notwithstanding the fact that all causes of action spring from the same quasi offense allegedly committed by defendants. In a situation of this kind, for the purpose of determining jurisdiction, the claims of the plaintiffs are not to be viewed collectively but must be individually considered. Alessi v. Town of Independence, 142 La. 338, 76 So. 792; Hotard v. Perilloux, 160 La. 752, 107 So. 515. When examining the case in the light of that rule, we find that no individual claim is for a sum in excess of $2000.00, exclusive of interest; therefore, this court has jurisdiction of it. We are required by the provisions of the Louisiana Constitution to entertain appeals in cases of this nature where the amount of the claim does not exceed the named sum. Article 7, § 29.

According to the record, the condition complained of by plaintiffs did not endure for more than sixty days. The demands of three of the plaintiffs cover only alleged losses of business and are fixed by them at $25 per day by each. Using the mentioned period as a basis, each claim would total $1,500. The demands of the remaining plaintiff, the Shreveport Laundries, Inc., are for injuries to property to the extent of $1,000, and loss to business at $10 per day—a total of $1,600. Consequently, the motion to dismiss the appeal must be and is overruled.

The judgment of the trial judge, rejecting the demands of plaintiffs, was, according to the briefs of counsel, based on his conclusion that the alleged items of damages were insufficiently proved. This feature of the case will now be considered.

There is no evidence in the record to sustain the allegations of Shreveport Laundries, Inc., that damage was caused to its building through the settling of the foundations thereof, or to the building's reputation, or to the cesspool on the property. Rejection of the demands as to these elements was therefore proper.

The only remaining claims for damages relate to the loss of business by the various plaintiffs beginning May 1. 1936, and con-

tinuing for a period of from one and one-half to two months. Three witnesses offered proof in behalf of the Shreveport Laundries, Inc., regarding this item. One of them merely stated that the odor affected the business and that the "business fell off in May and June." Another, when questioned concerning the extent of the loss, said, "I judge around—of course the business like that will fall off at different times but I judge it was running around forty or fifty dollars a week, it fell off that much." The third, when asked about the loss, produced a memorandum, prepared after viewing the company's books, and stated:

"Our business for the week ending May 9 was . . . . . . . . $129.94
"For the week ending May 16 . . . 153.24
"For the week ending May 22 . . . 143.24
"For the week ending May 30 . . . 103.15
"For the week ending June 6 . . . 138.93
"For the week ending June 13 . . . 133.60
"For the week ending June 20 . . . 162.58"

The evidence adduced in substantiation of the claims of the other plaintiffs consisted of their own testimony. Each stated that before May 1, 1936, his, or her, business was *about* a certain named amount, while thereafter it had decreased to *about* another named sum; and that the daily loss was *about* the amount that is listed in the petition. None testified as to the true financial condition of the business before and after the mentioned date, as disclosed by the records and books kept, although each was in a position to do so.

█ █ The law recognizes, as plaintiffs' counsel correctly urge, a distinction in the allowance of loss of profits as an element of damages between cases of tort and cases predicated on breach of contract. The rule is, with reference to their allowance, more liberal in actions purely of tort than in actions for breach of contract. 15 American Jurisprudence, verbo, "Damages", § 155. But even considering the liberality to be shown in tort cases, the profits recoverable therein are limited to probable, as distinguished from possible, profits, and the loss must be proved with reasonable certainty. Ibid.

█ The evidence respecting the claims in the instant case, with the exception of the one of Shreveport Laundries, Inc., furnish only estimates regarding the asserted losses. It was clearly within the power of the claimants to show the actual receipts of their businesses both before and after the commencement of the claimed disturbance. In other words, they could have established their contended loss of profits with reasonable certainty. This they failed to do. Damages for loss of profits, even in tort actions, will not be awarded when only estimates support the claims. Kelly & Son v. Yellow Cab Co., 5 La.App. 69; Horrell v. Gulf & Valley Cotton Oil Co., 16 La.App. 90, 133 So. 394.

The above quoted testimony which details the business transacted by the Shreveport Laundries, Inc., during May and June, 1936, lends no assistance in the establishment of that company's claim. All of the amounts shown are for the weeks following the time that the offensive odors assertedly began. The volume of business enjoyed during the preceding weeks, from which a comparison might be made, does not appear. The other evidence relating to this claim provides mere estimates.

In our opinion, the trial judge correctly held that the damages for which plaintiffs ask judgment had not been established with the degree of certainty required by law.

The case of Germann v. 557 Tire Co., Inc., 167 La. 578, 120 So. 13, 15, relied on by plaintiffs' counsel, is not, we think, decisive of the damage issue involved herein. It is true that the court awarded damages in that case and said that, "the bare fact that a plaintiff cannot establish exactly the amount of damages suffered by him and occasioned by the fault of the defendant will not suffice to discharge said defendant, when it is clear that plaintiff has in fact suffered some damages." A study of the opinion therein, however, discloses that the claim urged and passed upon was for damages to plaintiff's building resulting from vibration caused by defendant's operation of a powerful hydraulic press; and the court observed that it was "impossible to say exactly how much of said damages was caused by the operation of the press, *since no survey of said building was made at the time the operation was begun.*" The plaintiffs in the instant case were able to inform the court as to the exact financial status of their businesses before the occurrence of the disputed operations and also thereafter.

The judgment is affirmed.