CHASEZ, Judge.
Defendants, Tyrone M. Ralph, LeBaron Corporation, doing business as Holiday Inn East and Hartford Accident and Indemnity Company, have admitted liability for the automobile collision which involved a vehicle driven by James P. Julian and owned by Leslie P. Julian. The collision occurred at the intersection of Louisa Drive and Stephen Girard Street in New Orleans on April 23, 1965. The suit was originally heard in the Civil District Court for Orleans Parish, and judgment was rendered there in favor of plaintiff, Leslie P. Julian, in the amount of $1,050.00 and in favor of plaintiff, James P. Julian, in the amount of $3,328.02. Defendants have appealed from this judgment specifying error in these awards. The sole question involved in the error specified by defendants is whether the amounts awarded are justified in law and fact.
The legal principle involved in this contest is well settled. The burden of proof is clearly on the plaintiff to establish every element of his cause to a legal certainty by a clear preponderance of evidence, Livaccari v. United Jewish Appeal, Inc., La.App., 126 So.2d 67. However, on review of the trial court’s judgment in cases of offenses or quasi offenses, the appellate court should not disturb the amount of damages assessed by the judge or jury unless an examination of the facts reveals a clear abuse of the discretion vested in the lower court. Article 1934 (3), Civil Code, Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
Defendant has specifically appealed from the amount awarded for loss of wages during the period beginning on May 24, 1965, when Dr. Battalora stated he could return to work, and ending on June 23, 1965, the date he actually returned. On the basis of Dr. Battalora’s examination of James P. Julian on May 24th and his pronouncement that he could return to his former job, defendant argues that loss of wages should not be awarded beyond that date. Defendant also refers to the fact that during this period plaintiff joined his parents on a vacation trip.
We find that the district court took proper 'account of the period for which loss of wages should be awarded. Although the doctor believed that James P. Julian could return to his job, the court undoubtedly considered the rather strenuous conditions that the machinist’s job required of him and de *124 termined that if he were not able to return to work without experiencing pain and discomfort, then loss of wages should be properly awarded until he fully recovered. The fact that he joined his parents on a trip to San Antonio has no relation to his capacity to work in the machine shop, for even on the trip he had to wear an orthopedic corset to relieve his discomfort. Thus, in the final evaluation the period for which loss of wages was calculated was properly determined by the trial judge, and we find no error in his analysis of the evidence pertinent to this determination.
The second specific error alleged by defendants concerns transportation costs incurred by James P. Julian in travelling to his place of employment while his automobile was being repaired. Defendants disagree with the award of $289.99, the amount charged for the use of a Hertz Rental Car from June 19, 1965 to July 16, 1965, and an award of $110.00, the amount allowed as depreciation on a second automobile that was purchased. Plaintiff contends that these transportation charges were necessary in order to report for work by seven o’clock in the morning at his place of employment which is located some fifteen miles from his home.
 The lower court held that James P. Julian could not reasonably avail himself of public transportation to get to work because the bus schedules were inconsistent at the transfer points at that hour of the morning. As the court found it impossible to utilize the public transportation system to travel the route necessary for him to get to work on time, the rental car was found to be a necessary means of transportation for him. The fact that James P. Julian was not able to get to work and continue his employment without this rental transportation is certainly an element of damages caused by the temporary loss of his own automobile. The Louisiana cases are uniformly to the effect that the rental value of an automobile is a valid element of damages when used for business or commercial purposes. Dixie Highway Express v. C. C. Galbraith & Son, La.App., 61 So.2d 218; Carkuff v. Geophysical Service, Inc., La.App., 179 So. 490; Drewes v. Miller, La.App., 25 So.2d 820; Tornabene v. Rau, La.App., 34 So.2d 655; Alderman v. Henderson, La.App., 130 So.2d 157; Terrebonne v. Toye Bros. Yellow Cab Co., et al., La.App., 64 So.2d 868; National Motor Club of La., Inc. v. American Indemnity Co., La.App., 170 So.2d 729; Plotkin v. Martino, La.App., 192 So.2d 381.
In the instant case defendants take issue with the use of a rental car solely for transportation to and from work. But we are constrained to conclude that under the circumstances of this case, transportation to one’s place of employment is a necessary business expense. We affirm the district court’s holding in the limited situation that where the plaintiff is not able to report to work on time by use of public transportation, he should be allowed the use of a rental automobile or taxi fare as necessary means of transportation and, therefore, a necessary element of damages. The fact that a rental car was used in this situation shows the amount of damage incurred by the plaintiff in order to continue his employment. It should also be noted that the rental car was acquired at discount rates and used for approximately one month. When it became apparent that the rental charges could get very high, plaintiff then purchased another automobile for $190.00 solely for transportation purposes. We agree that plaintiff has attempted to mitigate transportation costs in this case, and the amount sought for the rental is a necessary element of his recovery. We believe that the use of a rental car as transportation to and from work where other means of transportation-were unsatisfactory is a business use in accordance with similar cases in Louisiana jurisprudence.
We likewise agree with the district judge that the depreciation of the second car which was purchased for transportation alone should be awarded in the sum of $110.00, the difference between the pur *125 chase price and the sale at a later date. There can be no doubt that this amount is recoverable in that it represents the cost of transportation, an element of damage incurred by the plaintiff due to his loss of the use of his car. We, therefore, affirm the lower court’s finding of fact and we believe the value of the depreciation actually represents transportation costs which were necessary to his continued employment.
A third specification of error refers to depreciation awarded in the sum of $950-00 for the loss in value of the wrecked automobile. While defendant admits there is ample authority for awarding damages for depreciation on the automobile in addition to the cost of repairs, he takes issue with plaintiff’s proof of this loss. See Foil v. Burge, La.App., 196 So.2d 567 and cases cited therein. Defendant argues that the testimony of Mr. Vincent Russo, who has had experience in dealing with used cars for many years, was mistakenly relied upon in view of the evidence given by Mr. N. G. David, Sr., another experienced body and fender man, now working as an appraiser. Mr. David testified that had the automobile been repaired properly, then it should have been restored to its original condition. But while this statement is correct it does not relate to the reason for the depreciation award. Depreciation in this instance is based on the value judgment associated with the purchase of a wrecked car as opposed to a used car and not on the quality of the repairs. We agree with the trial judge that the reparation of damage without an allowance for depreciation is not a complete appraisal of the injury. The fact that a car may be repaired and restored to its original operating condition has no effect on the value of the car once it is learned that it has been wrecked. Evidence of this fact is brought out in the record when the plaintiffs attempted to sell or trade-in this car to the dealer from which it was purchased and who had done the repair work. Their offer to sell met with absolute refusal, because the dealer did not want to sell formerly wrecked cars on his used car lot. Plaintiffs testified that they attempted to sell the car on other occasions, but met with difficulties once it was explained that the car had been wrecked. Therefore, in spite of expert testimony to the effect that the automobile should have been restored to its original condition, we believe there exists a loss in value beyond the normal repairs. This loss of $950.00 as determined by the district court is a valid estimate of the depreciation and we find the court committed no error in the evaluation of this loss.
Defendants also take issue with the amount of $1,500 awarded the plaintiff for his physical injuries as excessive because of the short duration of their objective symptoms. In reply to this argument we need only refer to the recent rule governing this situation in which the discretion of the district judge should be given ample recognition by the appellate court.
The Louisiana Supreme Court has stated:
“[3] We recognize that in cases of this type the Constitution makes it the duty of appellate cottrts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934 (3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses ‘much discretion must be left to the judge or jury’. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury should not be disturbed unless the appellate court’s examination of the facts reveals a clear abuse of the discretion vested in the lower court.”
Lomenick v. Schoeffler, 250 La. 959, La. 200 So.2d 127, 131-132.
We find no such abuse in the discretion vested in the district court’s assessment of the physical injuries sustained by James P. Julian and that element of damages must be affirmed.
*126 There remains a final specification by defendants with which we find merit. Defendants argue that the $500.00 awarded for the loss of a semester in a machinist course at Delgado Trade School was incorrectly listed as an element of damages. While the law allows reparation for the loss of advantages, benefits or revenues which result from the loss of time in school, the extent of damage must be established by the plaintiff. Davis v. Midwest Dairy Products Corp., La.App., 58 So.2d 741. Further, it is well settled that these damages must be proven with legal certainty beyond the realm of possibility or unsupported probability; Smith v. Massachusetts Bonding and Insurance Co., La.App., 130 So.2d 153.
We agree with plaintiff’s statement that the successful completion of the machinist’s course should have a direct correlation to his chance for advancement in his employment, but the record shows he had little faith in its advantages. When James P. Julian recovered from his injuries and returned to the course, he pursued it only through that semester. His own reasons for discontinuing the course were to get a better education by training with his father. Thus, the record clearly shows that from the plaintiff’s own point of view the loss of a semester was not as highly valued as other means of training. Clearly the burden of proof which requires a showing of the correlation between loss of time in school and loss of advantages or revenues has not been satisfied. We hold that this award should, therefore, be denied.
We conclude then that the assessment of damages, other than the award for loss of time in school, is correct and we amend the judgment of the trial court only to reduce the amount awarded to James P. Julian by $500.00. In all other respects the judgment appealed from is affirmed, with costs of appeal taxed to defendants.
Amended and, as amended, affirmed.