244 So.2d 624 (1971)
SOUTHERN TELEVISION ELECTRONICS, et al.
v.
L. O. D. READ d/b/a Jefferson Paint Co., and Joseph A. Canale.
No. 4130.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1971.
Rehearing Denied March 10, 1971.
*625 Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Allen R. Fontenot, New Orleans, for plaintiff-appellee.
Clyde G. De La Houssaye, New Orleans, for defendant-appellant.
Before SAMUEL, BARNETTE and LeSUEUR, JJ.
SAMUEL, Judge.
A partnership styled Southern Television Electronics (subsequently amended, with consent, to Southern Television Electronics, Inc.) filed this suit against L.O.D. Read, d/b/a Jefferson Paint Company, sublessor of premises occupied and used by plaintiff in the conduct of its television, radio and phonograph sales and service business, and Joseph A. Canale, original lessor of the property, for damages to its business and property resulting from heavy rains. Both defendants answered denying liability. In addition, Read filed a third-party demand against Canale for indemnification in the event he should be cast in judgment.
Following trial on the merits judgment was rendered on the main demand in favor of plaintiff and against both defendants, in solido, in the sum of $2,991.02 and on the third-party demand in favor of Read and against Canale in the same amount. Canale has appealed and plaintiff has answered the appeal praying that the award be increased to the sum of $11,985.82, the amount prayed for in its petition. Defendant and third-party plaintiff Read has made no appearance in this court.
Plaintiff occupied the premises under a sublease from Read, who was the original lessee of Canale, the owner. The roof of the building was damaged on September 9, 1965 during Hurricane Betsy and within a week thereafter a contractor employed by Canale made temporary repairs. On February 7, 1966 another contractor, also employed by Canale, began making permanent repairs to the roof. On that day he removed the roofing, i. e., the gravel, tar, tar paper and felt, from a large part of the building, particularly the rear portion. He left the roof in that condition and did not return thereafter. Heavy rains occurred on February 9, 1966, and continued for several days, pouring through the roof and causing damages which form the basis of this suit.
The trial court's finding of liability on the part of both Canale and Read is based on their obligations under the terms of the lease and sublease to make roof repairs necessitated by fire or other casualty. Appellant does not complain of this finding of liability vel non; he complains only that plaintiff is not entitled to a judgment because it was negligent in minimizing its losses. We do not agree with the contention. While the trial court, correctly we believe, concluded that in some particular instances the damages could have been minimized and took this conclusion into consideration in making various itemized awards, plaintiff did suffer damages reasonably impossible to minimize beyond its attempts to do so.
It began raining the second day after portions of the roof had been removed, too short a period of time for plaintiff to realize, and act upon the realization, that the contractor would not return and the roof would be left in its exposed condition. The record contains no evidence to *626 the contrary. On the other hand the record is replete with testimony showing plaintiff's employees attempted to protect the property by bailing out water by the use of buckets and then by a rented sump pump, moving parts and equipment out of wet areas into drier ones, moving color television sets out of the building and into an area provided by a competitor, and attempting to cover the roof and some of the parts and equipment with viscane.
In connection with plaintiff's answer to the appeal seeking an increase its counsel contend it was impossible to prove its losses with the legal certainty usually required and the rule applicable here is that, where damage and liability are certain and quantum is uncertain, the courts are required to award damages, citing Germann v. 557 Tire Co., 167 La. 578, 120 So. 13; Wall v. Hardwood Mfg. Co., 127 La. 959, 54 So. 300, and Jolley Elevator Co. v. Schwegmann Bros. Giant Super Mkts., La.App., 230 So.2d 640. We agree the general rule is applicable. Also applicable is the rule that, as in assessment of damages in cases of offenses, quasi offenses and quasi contracts, "much discretion must be left to the judge or jury". Plaintiff clearly is entitled to damages. Presented for our consideration by its answer to the appeal is the amount thereof and, more specifically, whether the quantum awarded by the trial court abused the "much discretion" given him by the above mentioned rule.
The judgment makes the following awards as to particular items: $326.50 for wages paid to plaintiff employees while engaged only in the work occasioned by the water damage; $2,370.23 for loss of schematic drawings; $500 for loss of parts; and $294.29 for damages to customers' property on the premises. Other claims were disallowed as insufficiently proved. Our attention has been called to the fact that these items total $3,391.02 and not $2,991.02, the total amount awarded by the judgment.
Appellant makes no complaint concerning two of the itemized awards, $2,370.23 for schematic drawings and $294.29 for damage to customers' property. The latter is in accordance with its claim and proof thereof. However, the full amount of plaintiff's claim for loss of schematic drawings was not $2,370.23 but $2,320.50. The evidence supports only the smaller sum which the award cannot exceed. This error appears to result only from the use of an incorrect figure by the trial court (the larger sum is the amount plaintiff claims for the combined loss of parts and used television sets). It does complain about the remaining itemized awards.
The first item mentioned, $326.50 for wages paid to employees while engaged only in the work occasioned by the water damage, was the only award made for plaintiff's claim of general loss of income as a result of interruption of its business. The record does reveal that the business was interrupted and did not return to normal for a period of months. But there is no evidence tending to show what profits reasonably could be expected over that period during a normal operation and in the absence of some such evidence a determination of profits would be completely conjectural. While neither absolute certainty nor the usual "legal certainty" is required in proving lost profits, damages therefor cannot be allowed where such profits are purely conjectural. Mabry v. Midland Valley Lumber Co., 217 La. 877, 47 So.2d 673; Julian v. Ralph, La.App., 206 So.2d 121; Shreveport Laundries v. Red Iron Drilling Co., La.App., 192 So. 895; Laville v. Hartford Accident and Indemnity Co., La.App., 178 So.2d 464; Horrell v. Gulf & Valley Cotton Oil Co., 16 La.App. 90, 133 So. 394.
The $326.50 award represents wages paid by plaintiff to employees for one week. However, the record quite clearly reveals that plaintiff's employees were engaged in work, continuously for the first week and intermittently thereafter, occasioned *627 solely by the water damage for more than that period of time. On the basis of the evidence before us we conclude wages for a three-week period, or $979.50, would be adequate compensation for this item and we will amend the judgment accordingly.
Regarding the $500 award for loss of parts, the testimony of the former partners and one of the plaintiff employees is that they made a written inventory (which was placed in evidence) of all parts discarded as a result of the water damage because they were unusable and even dangerous. These parts were kept in stock for use in repairing television sets. As the stock had been accumulated over a period of years, bills were not available but one of the partners testified he was familiar with the costs and he placed an average cost on each item. The inventory thus made totaled $1,215.23. The trial judge awarded $500 for this item because he concluded many of the parts were used and many were obsolete. It appears unlikely that most of these parts retained their cost value or actually would have been used by plaintiff. As the record contains no evidence the stock in fact was replenished or that replacing the discarded parts was necessary, we cannot say the trial judge abused his discretion in limiting the award for parts to $500.
Plaintiff also objects to the trial court's complete rejection of $1,155 claimed for 33 used television sets. It offered testimony showing many of those sets had been taken as trade-ins; some were in working order while others needed repairs; all were to be sold at an average estimated profit of $35 each; and all were lost beyond repair as a result of water damage. The evidence regarding these sets is not as complete as it could have been. It includes all 33 used televisions without reference to individual sets or mention of estimated or usual cost of repair, sale price, etc. And it would appear unlikely that all of the sets would have been sold. However, plaintiff has established some loss as to this claim and it is entitled to some damages therefor. Our conclusion is that an award of $500 would be adequate and we will amend the judgment accordingly.
Plaintiff further objects to complete rejection of a claim for a $125 profit on each of 50 color television sets. This claim is based on the contention, which is in accordance with the testimony offered, that it was unable to take delivery of the sets due to the water devastation of its business premises. But if color televisions were difficult to obtain at that time, as the testimony further asserts, plaintiff could have arranged to store the sets elsewhere. No evidence was offered to show this could not be done and we know of no reason why such storage could not have been obtained, especially in view of the fact, as we have mentioned, that plaintiff was able to store some of its damaged property with one of its competitors. We agree with the trial court's rejection of this claim.
For the reasons assigned, that part of the judgment appealed from which is in favor of the original plaintiff, Southern Television Electronics, a partnership composed of Sigurd S. Grossman and Clyde M. Babb, and against one of the original defendants, Joseph A. Canale, is amended only insofar as to change the name of the plaintiff from Southern Television Electronics to Southern Television Electronics, Inc. and to increase the amount awarded from $2,991.02 to $4,594.29. As thus amended, and in all other respects, the judgment is affirmed; defendant-appellant, Joseph A. Canale, is cast for all costs of this appeal.
Amended and affirmed.