BAILES, Judge.
This is a tort action. Plaintiff, in her individual capacity and as administratrix of the estate of her minor child, Herman Lee Jackson, brings suit against William B. Allen, d/b/a W. M. B. Allen TV Service and Sentry Insurance Company, to recover damages allegedly due for physical injuries received by her daughter when she was struck by a vehicle of William B. Allen. From a judgment in favor of plaintiff for special damages in the amount of $168.00 and general damages for the injuries to the child in the amount of $500.00, plaintiff has appealed.
We find the award of both special damages for medical expenses and general damages for the physical pain and suffering and mental pain and anguish of the child are inadequate. We increase the amount of the award, and as amended, the judgment is affirmed.
This court is advised by defendants, in their brief, that the issue of liability is not before us, only the amount of the award is in contention. Therefore, inasmuch as liability is conceded, we will confine this opinion to the consideration of the adequacy or inadequacy of the award.
The evidence shows that Herman Lee Jackson, age 15, was struck by the defendant’s vehicle and, although not knocked down, she was thrown against a utility pole near her at the time of contact. A short time after the accident, plaintiff took her daughter to Touro Infirmary where she was seen by some unnamed doctor and released. Medication was prescribed at Tou-ro Infirmary and administered by her mother. Later she was examined and treated separately and successively by two orthopedic surgeons.
The first doctor who examined and treated Herman Lee Jackson was Dr. Walter Brent. He first saw her on March 30, 1969. He testified that on disrobing she would splint or keep her spine straight, and that she kept her left knee slightly flexed on examination. Her chief complaints of pain were referable to the left flank and low back area. On interrogation, the medical witness testified that flexing of the knee would relieve pain from an injury to the paravertebral area on the left side. He also testified that he found marked tenderness in the erector spinous group of muscles on the left and that she had tenderness on pressure at the ilium. His conclusion was that this girl sustained a contusion and sprain of the low back area. He prescribed a muscle relaxer for this condition. He saw Herman Lee again on March 27, and on April 10, 1969, he discharged her. She returned again on July 28, 1969. On the first examination, the doctor testified there were objective symptoms, but none were found subsequently.
On September 2, 1969, Herman Lee Jackson was seen by Dr. Kenneth L. Veca at which time the doctor stated she was complaining of pain in the anterior chest, left iliac crest, lower back, hip and lower area. The doctor testified he examined her anterior chest and other areas of which she complained. He noted that she stood with her left leg flexed and walked favoring her left leg. Although Dr. Veca found no objective symptoms, by history he *663 believed, broadly characterized, she had an injury to the soft tissues through a stretching and tearing of the ligaments and tendons in the areas affected.
This doctor treated her on September 2, October 24, November 7, December 7, December 16, all in 1969, and on January 5, 1970. On each occasion the doctor treated the patient by prescribing medication which was administered.
We find the record establishes and demonstrates that Herman Lee Jackson did, in fact, receive an injury to the soft tissues of her back and that she had valid complaints referable to injuries received in the accident.
Our examination and appreciation of the medical testimony in the record convinces us that the trial court’s award was manifestly erroneous and did not adequately and properly compensate Herman Lee Jackson for her injuries. We find an award of $1,250.00 is adequate. See Waldo v. Toye Bros. Yellow Cab Co., La.App., 210 So.2d 125 (1968); Julian v. Ralph, La.App., 206 So.2d 121 (1968); Lotz v. Jamerson Hardware Store, La.App., 211 So.2d 391 (1968) and Thibodeaux v. Travelers Indemnity Co., La.App., 215 So.2d 215 (1968).
Proof in the record supports the following medical expenses:
Touro Infirmary $ 68.00
Dr. Walter Brent 115.00
Dr. Kenneth L. Veca 180.00
$363.00
For the foregoing reasons, the judgment appealed from is amended to increase the award in favor of the plaintiff, Rilder Early Johnson, individually to $363, and as administratrix of the estate of her minor daughter, Herman Lee Jackson, to $1,250.-00, all to bear legal interest from date of judicial demand until paid. Defendant is cast for all court costs.
Amended, and as amended, affirmed.