SARTAIN, Judge.
The accident giving rise to this litigation occurred in West Baton Rouge Parish on U.S. Highway 190 at about 9:00 o’clock p. m. on the night of September 13, 1967. The highway at this point consists of four lanes, two lanes for each direction of traffic, separated by a median. As the plaintiff, Overton Ralph Dixon, was traveling in a westerly direction, Johnnie Gray drove through a break in the median into the path of plaintiff. It could not be determined whether or not Gray had been traveling in an easterly direction on the highway and was in the process of making a U turn or whether he emerged from .a gravel *603 road intersecting the highway on the north. The evidence is clear, however, that Gray did, in fact, cut directly into the path of the plaintiff. As a result of the accident plaintiff sustained serious bodily injuries and Mr. Gray’s injuries proved fatal.
Suit was brought against the Succession of Johnnie Gray by service upon Georgian-na Phillips Gray, the duly appointed and confirmed Administratrix of decedent’s succession.
Mr. Gray did not carry liability insurance. The Employers Liability Insurance Corporation, Ltd. (Employers), the liability insurer of plaintiff, paid to the latter the sum of $5,000.00, representing the maximum benefits provided for under the uninsured motorist provision of the policy it had issued to plaintiff. Employers intervened by virtue of a Release and Trust Agreement executed by plaintiff for the sum it had paid to plaintiff and sought judgment against the Succession of Johnnie Gray for this amount.
The trial judge, for written reasons assigned, held that the accident was occasioned by the negligence of the decedent, Johnnie Gray, and rendered judgment against the Succession of Johnnie Gray in favor of the plaintiff in the amount of $11,117.45 and in favor of Employers in the amount of $5,000.00 to be paid out of the award to the plaintiff in preference and priority.
Plaintiff alone has appealed devolutively urging that the award of $11,117.45 is so grossly inadequate as to constitute an abuse of discretion on the part of the trial judge and submits that an award of $22,500.00 is warranted under the circumstances. Inasmuch as neither the defendant nor Employers has appealed or answered plaintiff’s appeal, the sole question presented to us for resolution is one of quantum. In his written reasons for judgment the trial judge itemizes the award to plaintiff as follows: $7,500.00 for pain and suffering; $3,517.45 for medical and hospital expenses; and $100.00 representing the deductible expended in connection with his collision insurance coverage. The medical expenses were stipulated and they are not at issue here. Thus, we must determine whether or not the award of $7,500.00 for physical injuries, pain and suffering is so inadequate as to justify an increase. We are of the opinion that the amount sought by plaintiff in the sum of $22,500.00 more adequately compensates plaintiff for the injuries sustained by him and that the judgment rendered by the District Court should be amended to increase the award to this extent.
As a result of the accident, plaintiff sustained a moderately severe laceration of the upper lip with a fractured nasal spine, laceration of the upper lip, chin and right knee; multiple abrasions and contusions; fractures of the left fourth, fifth, sixth, seventh, eighth and ninth ribs, together with a crimp fracture of the third rib; and serious abdominal injuries caused by the seat belt. He was hospitalized from September 13, to October 11, 1967.
The lacerations were sutured in the Emergency Room under local anesthetic. The abdominal injuries required surgery on two occasions, September 14 and September 29, 1967. Because of the damage to the lower colon a colostomy was performed on September 14, 1967, to permit bowel movement to the side of the body rather than through the rectum. It was necessary to remove approximately fifteen inches of the distal portion of the small intestine and a small portion of the upper colon.
On September 29, 1969, the colostomy was removed and the lower intestine was reattached to the colon. Through this period of time plaintiff suffered severe pain and discomfort not only as a result of the operative procedures but also because of the fractured ribs, lacerations and abrasions. He also endured abnormal bowel functions and diarrhea for a period of six months following the accident with occasional diarrhea and discomfort up to the *604 time of the trial some three and one-half years later.
In the assessment of damages much discretion is vested in the trial judge and his determination of damages should be permitted to stand on appeal unless the amount awarded is so excessive or inadequate as to constitute an abuse of such discretion. We find in the instant matter that the award of $7,500.00, in view of plaintiff’s injuries, is so grossly inadequate as to compel us to increase the same to the sum of $22,500.00.
Accordingly, for the above and foregoing reasons, the judgment of the District Court is amended to increase the award for personal injuries, pain and suffering from the sum of $7,500.00 to the sum of $22,500.00, and as amended, is affirmed. The cost of this appeal is to be borne by the defendant-appellee.
Amended and as amended affirmed.