AUGUST A. NOBILE, Jr., Judge Pro Tern.
Plaintiffs, Welton Lestrick, Obie Tate and James Brown brought suit against the defendant, Robert P. Najolia, and the defendant-insurer, Motor Vehicle Casualty Company, for property damages suffered as the result of an accident which occurred on June 27, 1971. Welton Lestrick suffered damages to his 1961 half-ton pickup *771 truck; Obie Tate suffered damages to his 1961 Galaxie 4-door passenger vehicle, James Brown suffered damages to a steel fence in front of his residence. Inasmuch as coverage was admitted by the defendant-insurer and the matter of liability was stipulated to, the. only matters before the Court were the alleged damages suffered by the respective plaintiffs. All witnesses heard by the Court was restricted to testimony of each of the plaintiffs and their cross examination by defendants’ counsels. The defendants presented no evidence or witnesses in contradiction of plaintiffs’ testimony. Judgment was granted by the lower Court to Welton Lestrick in the amount of $400.00; to Obie Tate in the amount of $367.50; and to James Brown in the amount of $150.00, with interest on all said amounts from the date of judicial demand and for all costs. The defendant-insurer, Motor Vehicle Casualty Company was cast in judgment. The in solido liability of the defendant Robert P. Najolia which was prayed for by the plaintiffs was not brought before this Court on appeal and, accordingly, this matter will not be considered.
The sole question before the Court is quantum of damages and whether the plaintiffs sufficiently proved their claims to allow the lower Court to make judgment as to quantum. The defendant-appellant, Motor Vehicle Casualty Company, took the position in general that the proof offered by the plaintiffs was glaringly inadequate to such an extent that judgment was based on conjecture unsupported by competent evidence.
In considering the lower Court’s award of $400.00 to the plaintiff-appellee, Welton Lestrick, it is indicated from the testimony adduced on trial in the examination and cross examination of Welton Lestrick that approximately five months previous to the accident he had purchased a 1961 half-ton pickup truck from his brother for $400.00 and that said truck had been damaged to the extent of $600.00 according to an estimate he received from Watts Body Shop. The estimate was not introduced into evidence although it was exhibited to the witness and identified by him on direct examination. Mr. Lestrick further testified that the truck was a complete loss and had not been moved or repaired since the date of the accident. It is indicated that the Court awarded Mr. Lestrick the full purchase price of the truck in the amount of $400.-00.
In considering the lower Court’s award of $367.50 to the plaintiff-appellee, Obie Tate, it is indicated from testimony adduced on trial which consisted of the examination and cross examination of Obie Tate that he was the owner of a 1961 Gal-axie 4-door hardtop passenger vehicle which was damaged in the accident of June 27, 1971. He further testified that he had had the vehicle repaired approximately 45 days previous to the accident at a cost of over $300.00 which said repairs consisted of the installation of shock absorbers, a front end alignment, a brake repair job and repair of the power steering. It was further indicated that after the accident he procured an estimate of body repairs from Wood Body Shop in the amount of $367.50 representing damages to his vehicle. There was a certain degree of uncertainness in eliciting this testimony obviously due to the lack of education and poor understanding of the witness but there was no doubt in the final analysis as to the import of his testimony and his description of the damage to his vehicle.
In considering the lower Court’s award of $150.00 to the plaintiff-appellee, James Brown, it is indicated from testimony adduced on trial which consisted of the examination and cross examination of James Brown that he was the owner of a residence at 112 Louisiana Avenue, Westwego, Louisiana and that the steel fence in front of his residence had been torn down as a result of the accident. Approximately thirty-three feet of fence was damaged to the extent of $150.00. The Court allowed the estimate of repairs into evidence over the objection of defense counsel. It was *772 further indicated that the fence had not been repaired as of the date of trial.
As to the matter of proof of the plaintiffs’ claims, we find sufficient evidence in the record, uncontroverted by the defendant, that the plaintiffs undeniably suffered damages. The question presented to the Court is whether the assessment of damages by the lower Court abused the “much discretion” given to it in determining quantum of damages. Southern Television Electronics v. Read, 244 So.2d 624 (La.App. 4th Cir. 1971); Dixon v. Gray, 271 So.2d 602 (La.App. 1st Cir. 1972). While it is clear that the plaintiff has sustained some damage as the result of the fault of defendant, his claim will not be rejected merely because he has not established the exact amount of compensable damage suffered and the mere failure or inability of one to prove his actual damages does not preclude him from receiving an award where it is shown that he is entitled to damages. Zesiger v. Dean, 247 So.2d 222 (La.App. 4 Cir. 1971); Manuel v. Texas Gas Transmission Corporation, 153 So.2d 157 (La.App. 3rd Cir. 1963); Berryman v. International Paper Company, 139 So.2d 806 (La.App. 3rd Cir. 1962); Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967). Undeniably lower Courts hear many cases in which the certainty of proof leaves something to be desired and certainly this case was lacking insofar as application of all the legal niceties that it would have been possible to apply in the exact proof of quantum beyond any question. Undoubtedly the lower Court judge was guided in his judgment and acceptance of the testimony relating to quantum because of the nature of the claim, the comparatively small claims involved and the commonality and ordinary nature of the damaged property involved which guided him in not requiring expert witnesses. With the exception of the lower Court not taking into consideration the depreciated value of the vehicle belonging to Welton Les-trick which was a total loss, this Court finds that the lower Court did not abuse its discretion m setting quantum. As to the claim for Welton Lestrick, the award for his vehicle is reduced to $350.00 and the awards as to the other plaintiff-appellees are affirmed, and defendant-appellant is assessed with the costs of this appeal.
Amended and affirmed.