DOMENGEAUX, Judge,
dissenting in part.
PROPERTY DAMAGE TO PLAINTIFF’S VEHICLE
At the trial on the merits plaintiff unquestionably proved that the accident in question caused damages to his vehicle in the amount of $151.31. This evidence was uncontradicted by the defendant, and I would find that the trial judge erred by failing to include an award for that amount in his judgment. Accordingly, plaintiff is entitled to recover the amount of $151.31 representing property damage to his auto.
LOST INCOME
Plaintiff complains that his income has been severely diminished as a result of the aforementioned accident. Mr. Prejean’s income tax returns for the years 1969 through 1974 reveal the following figures:
YEAR GROSS RECEIPTS (Sales) NET PROFIT
1969 $ 29,233.97 $ 9,201.29
1970 $ 33,581.96 $10,377.39
1971 $ 27,454.11 $ 7,293.15
1972 $ 25,839.96 $ 7,093.25
1973 $ 25,744.87 $ 7,643.08
1974 $ 23.998.69 $ 3.680.89
$165,853.56 $45,289.05
I note that plaintiff’s gross sales in 1974 were remarkably similar to the years preceding. Since the accident occurred on January 8, 1974, I am of the opinion that Mr. Prejean’s entire business year (1974) should have been affected thereby. While plaintiff’s net income was markedly decreased in 1974, a study of his income tax returns indicates the causation thereof to be an unusually high number of business deductions. The return shows that the salaries paid in 1974 to employees were only half those paid in the preceding year. The record further reveals that the primary reason for plaintiff’s decreased net income in 1974 was a substantial increase in the cost of goods sold. Obviously this factor bears no causal relation to the accident. Therefore, the evidence does not support plaintiff’s contention that his income in the year 1974 was decreased as a result of his accident.
Plaintiff underwent the necessary disc operation on March 26, 1975. The operating physician was of the opinion that plaintiff should have been able to return to heavy manual labor approximately eight months thereafter. Thus I would find that plaintiff’s earning capacity was diminished as a result of the operation during a portion of the year 1975.
The trial judge specifically found that the accident had indeed decreased plaintiff’s *186 earning capacity but granted an award of $20,000.00 for only “his pain and suffering I would find that this sum was limited to those general damages (pain and suffering).
Since the trial judge unequivocally stated that plaintiffs earning capacity was diminished, and such a finding is strongly supported by the record, I feel that the judge, a quo, erred by failing to include compensation for lost earnings in the judgment.
I take note of the Supreme Court’s recent opinion in the case of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), wherein certain sanctions and restrictions were placed upon appellate modifications of quantum. I feel, however, that our decision in the instant litigation does not involve a situation contemplated by Coco. Rather, in the case at hand, no award was made by the district court for items of damages clearly and strongly proved by plaintiff. If the trial judge inadvertently omitted those items from his judgment, we should correct that oversight. If, on the other hand, the district judge found that plaintiff was not entitled to recovery for his property damage and lost income, I am of the opinion that such a finding constitutes manifest error, and we should likewise remedy that defect.
Although Mr. Prejean has been unable to specify the exact amount of income lost due to the accident, his claim therefor should not be rejected for that reason alone. See Lestrick v. Najolia, 297 So.2d 770 (La.App. 3rd Cir. 1974); Melancon v. I. M. C. Drilling Mud, 282 So.2d 532 (La.App. 1st Cir. 1973), writ denied, 283 So.2d 769, 771 (La.); Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App. 3rd Cir. 1973), and Peoples Moss Gin Co., Inc. v. Jenkins, 270 So.2d 285 (La.App. 3rd Cir. 1972).
My calculations based upon the record indicate that plaintiff’s average annual net profit from his business for the years 1969 through 1974 was $7,548.18. Since Mr. Pre-jean was incapacitated for a period of approximately eight months as a result of his operation, I am of the opinion that he is entitled to recover approximately % of the aforementioned figure ($7,548.18 X 67% = $5,057.30) as compensation for his diminished earning capacity during that period. However, plaintiff admittedly earned the sum of $1,130.30 during the first eight months of 1975, and any award should be credited for that amount. Accordingly, plaintiff should be awarded the sum of $3,927.00 ($5,057.30 minus $1,130.30) as compensation for lost income during the eight months in which he was incapacitated as a result of the disc operation precipitated by' the accident.
For these reasons I feel that the judgment of the district court should be amended so as to award plaintiff the additional sum of $4,078.31.